FILED
United States Court of Appeals
Tenth Circuit

September 4, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SHAWN J. GIESWEIN,

      Defendant-Appellant.

No. 11-6218
(D.C. Nos. 5:11-CV-00021-F &
5:07-CR-00120-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Defendant Shawn J. Gieswein appeals from a district court order denying his motion for relief under 28 U.S.C. § 2255. A judge of this court granted Mr. Gieswein a certificate of appealability (COA) on two of the three claims for which he sought

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review.  *See generally* 28 U.S.C. § 2253(c).  For the reasons explained below, we now affirm the district court's disposition of these claims.

Mr. Gieswein was convicted of possessing a firearm after conviction of a felony, 18 U.S.C. § 922(g)(1), and witness tampering, *id.* §1512(b)(1), and was sentenced to a term of 240 months in prison.  His convictions were affirmed on direct appeal, where he had argued that the felon-in-possession statute violated the Second Amendment and exceeded Congress' power under the Commerce Clause and that both of his convictions should be reversed because of a violation of the Interstate Agreement on Detainers.  *See United States v. Gieswein*, 346 F. App'x 293 (10th Cir. 2009).  He then filed the instant § 2255 motion challenging various aspects of his convictions and sentence.  The district court dismissed as procedurally barred the three claims that Mr. Gieswein has continued to press in this appeal.  Specifically, the court held that his renewed constitutional challenge to §922(g)(1) was barred because it had been raised and resolved on his direct appeal under circuit law that had not changed in the interim,  *see United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994), and that his challenges to the evidentiary basis for the witness-tampering conviction and to the qualification of the grand jury array were barred because they should have been, but were not, raised on his direct appeal, *see id.*  The court also rejected on the merits the one claim that could have served as cause to excuse Mr. Gieswein's procedural default, holding that he had not received constitutionally ineffective assistance of counsel on his direct appeal.

Mr. Gieswein has abandoned the latter claim. Accordingly, the government argues that the above procedural defaults, which were not addressed in defendant's opening briefs, foreclose success on the merits of the issues raised on appeal. In his reply brief, defendant presses two points in an attempt to counter this argument, neither of which is persuasive. First, he contends we are precluded from affirming the district court's order enforcing the procedural defaults here, because a COA has been granted for the claims in question. This contention overstates the substance and effect of a COA. The COA inquiry, which involves only "an overview" and "general assessment" rather than "full consideration of the factual and legal bases" of the claims for which review is sought, "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 337 (2003). In short, "a COA ruling is not the occasion for a ruling on the merits of [the appellant's] claim." *Id.* at 331. A later appellate panel's definitive assessment of the legal viability of a claim is obviously not bound by the inherently preliminary and nondispositive decision of a judge or motions panel granting a COA. The COA merely authorizes full merits review of the district court's determination of the claims in question. If such review leads the court to conclude that the claims were correctly dismissed, in this case as procedurally defaulted, the court has the authority—indeed the duty—to affirm that ruling, regardless of the COA order's preliminary assessment of (or, in this case, silence on) the operative legal deficiency fatal to the claim.

Mr. Gieswein's second point concerns only his challenge to the § 922(g)(1) conviction. He argues that the adverse disposition of the same issue on direct appeal should not bar his § 2255 claim, because one of the three exceptions to the doctrine of law of the case—namely, that the initial disposition was clearly erroneous and manifestly unjust—should apply here to permit reconsideration of the matter. *See generally United States v. Irving*, 665 F.3d 1184, 1192 & n.12 (10th Cir. 2011) (discussing law-of-the-case doctrine and its exceptions), *cert. denied*, 132 S. Ct. 1873 (2012). Assuming for the sake of argument that this exception to law of the case would permit a collateral attack on a final criminal conviction,[1] Mr. Gieswein cannot establish the premise for its application here. He criticizes this court's decision on

---

[1]     We know of no Tenth Circuit precedent equating the general law-of-the-case doctrine with the more specific prohibition on re-raising previously decided issues on collateral review, permitting any § 2255 movant to obtain a second bite at the apple by asserting that his direct appeal panel got it wrong. Rather, in keeping with the added finality interests involved when a criminal judgment is collaterally attacked by motion under § 2255, this court has repeatedly stated only one exception to the collateral-review bar: a material intervening change in law. *See, e.g.*, *Warner*, 23 F.3d at 291; *United States v. Gordon*, 4 F.3d 1567, 1570 n.2 (10th Cir. 1993); *United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978). We have, at least once, loosely referred to law of the case in dealing with a § 2255 motion raising a claim decided on direct appeal, but then only to invoke the intervening-change-in-law exception properly applicable to the collateral-review bar. *See United States v. Talk*, 158 F.3d 1064, 1068 (10th Cir. 1998) (following *Davis v. United States*, 417 U.S. 333, 342 (1974), which also relied solely on an intervening change in law as a basis for permitting a § 2255 motion to raise an issue rejected on direct appeal)), *abrogated on other grounds as explained in United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). We need not definitively resolve whether the collateral-review bar is qualified by all of the exceptions applicable to law of the case, since the one such exception invoked here fails in any event.

his direct appeal as being summary, but that decision adhered to circuit precedent already upholding § 922(g)(1) against attack on the same constitutional basis, *see United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). And both decisions drew support from the Supreme Court's admonition in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Mr. Gieswein seeks to discount this statement by characterizing it as dicta, but as this court has repeatedly acknowledged—including in Mr. Gieswein's own direct appeal—"'we are bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements.'" *Gieswein*, 346 F. App'x at 295 (quoting *United States v. Serawop*, 505 F.3d 1112, 1122 (10th Cir. 2007) (brackets and further quotation omitted)). He also insists that his case differed factually from *McCane*, where the felon defendant had possessed a firearm in his vehicle rather than his home, but the broadness of the guiding dicta from *Heller* undercuts the materiality of this factual distinction. While future development of the law in this area may, of course, lead in currently unanticipated directions, we cannot say that the decision in Mr. Gieswein's case was clearly erroneous when it was issued, nor that it has been undercut thus far by intervening precedent.

Mr. Gieswein has thus failed to present meritorious grounds excusing the procedural defaults invoked by the district court to dismiss the claims under review.[2] Success on this appeal is therefore legally foreclosed.

The judgment of the district court is AFFIRMED. Mr. Gieswein's motion to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[2] Mr. Gieswein has not argued that he is actually innocent of the offenses of conviction. And his challenge to the legal sufficiency of the trial evidence supporting the witness-tampering conviction does not inherently translate to an affirmative claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 538 (2006) (noting "actual-innocence standard is by no means equivalent to the standard . . . which governs claims of insufficient evidence" (internal quotation marks omitted); *see also, e.g.*, *United States v. Ratigan*, 351 F.3d 957, 963-65 (9th Cir. 2003) (noting challenge to sufficiency of trial evidence did not constitute actual-innocence claim to obviate procedural default); *Awon v. United States*, 308 F.3d 133, 143 (1st Cir. 2002) (same).