PER CURIAM.
Kamil Hakeem Johnson seeks authorization to file a successive 28 U.S.C. § 2255 motion, asserting that Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), which held that a sentencing scheme that requires a sentence of life imprisonment without parole for certain crimes committed by defendants who were under the age of 18 violates the Eighth Amendment, announced a new rule that applies retroactively, see 28 U.S.C. § 2255(h)(2). We conclude that Mr. Johnson has made a prima facie showing, see 28 U.S.C. §§ 2255(h), 2244(b)(3)(C), that his motion contains “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,” 28 U.S.C. § 2255(h)(2), and we therefore grant him authorization to file a successive § 2255 motion.
In granting authorization we join most other circuits in adopting the proposition that a prima facie showing in this context is “simply a sufficient showing of possible merit to warrant a fuller exploration by the district court,” see Bennett v. United States, 119 F.3d 468, 469 (7th Cir.1997). See Case v. Hatch, — F.3d -, -, 2013 WL 1501521, at *1, 10-12 (10th Cir. April 12, 2013); Goldblum v. Klem, 510 F.3d 204, 219 (3rd Cir.2007); In re Williams, 330 F.3d 277, 281 (4th Cir.2003); In re Holladay, 331 F.3d 1169, 1173-74 (11th Cir.2003); Bell v. United States, 296 F.3d 127, 128 (2d Cir.2002); Reyes-Requena v. United States, 243 F.3d 893, 898-99 (5th Cir.2001); Thompson v. Calderon, 151 F.3d 918, 925 (9th Cir.1998); Rodriguez v. Superintendent, Bay State Corr. Ctr., 139 F.3d 270, 273 (1st Cir.1998), abrogated on other grounds by Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). We emphasize that the “dis *721 trict court must not defer” to our “preliminary determination” in granting the authorization, Case, — F.3d at-, 2013 WL 1501521, *11, as our “grant is ... tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion,” Bennett, 119 F.3d at 469-70 (citing 28 U.S.C. § 2244(b)(4)). The government here has conceded that Miller is retroactive and that Mr. Johnson may be entitled to relief under that case, and we therefore conclude that there is a sufficient showing here to warrant the district court’s further exploration of the matter.