Benjamin C. PRICE, Applicant,

v.

UNITED STATES of America, Respondent.

No. 15–2427.

United States Court of Appeals, Seventh Circuit.

Submitted July 7, 2015.

Decided Aug. 4, 2015.

Benjamin C. Price, Jesup, GA, pro se.

David E. Hollar, Office of the United States Attorney, Hammond, IN, for Respondent.

Before WOOD, Chief Judge, and SYKES and HAMILTON, Circuit Judges.

WOOD, Chief Judge.

In 2006, a jury convicted Benjamin Price, a convicted felon, of possessing a gun in violation of 18 U.S.C. § 922(g)(1). Turning to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the court concluded that Price had three qualifying convictions and imposed a sentence of 250 months in prison. This court affirmed. *United States v. Price*, 520 F.3d 753 (7th Cir.2008).

In 2009, Price filed his first collateral attack pursuant to 28 U.S.C. § 2255. In his motion, he challenged the sentencing court's determination that he qualified under ACCA as an armed career criminal. The Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), he argued, demonstrated that the sentencing court improperly relied on his prior convictions for criminal recklessness to enhance his sentence under ACCA's residual clause be-cause his prior crimes fell outside the scope of that clause. The district court denied relief, and we affirmed. *Price v. United States*, 434 Fed.Appx. 550 (7th Cir. 2011).

Price now asks this court to authorize the district court to entertain a successive collateral attack, 28 U.S.C. § 2244(b)(3), in which he proposes to assert a claim under *Johnson v. United States*, — U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *Johnson* holds that the imposition of an enhanced sentence under the residual clause of ACCA violates due process because the clause is too vague to provide adequate notice. *Id.* at 2557. We invited the government to respond, and it has done so. We now conclude, consistently with the government's position, that *Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions.

Under § 2255(h)(2), a court of appeals must deny authorization to pursue a second or successive motion for collateral relief unless the applicant's proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Price easily meets three of the four requirements. *Johnson* announces a new rule: It explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of ACCA. See *Chaidez v. United States*, — U.S. ——, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013) ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.") (internal quotation marks omitted). *Johnson* rests on the notice requirement of the Due Process Clause of the Fifth Amendment, and thus the new rule that it announces is one

of constitutional law. Moreover, the *Johnson* rule was previously unavailable to Price. He raised and lost a different (though related) argument under the law as it stood during his first collateral attack, in which he relied on *Begay* and *Sykes v. United States,* —— U.S. ——, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), to argue that his convictions for criminal recklessness fell outside the scope of ACCA's definition of a crime of violence. *Price,* 434 Fed. Appx. at 554–55. He never alleged then that ACCA's residual clause itself was unconstitutionally vague. This explains why 28 U.S.C. § 2244(b)(1), to the extent that it is applicable, does not bar Price's application: he has never presented this claim before. In any case, the United States has not cited § 2244(b)(1) and thus has waived its ability to rely on it. Until *Johnson* was decided, any successive collateral attack would have been futile.

■■■ The remaining question we must address is whether the Supreme Court has "made" *Johnson* retroactive to cases on collateral review. *Tyler v. Cain* holds that under § 2244(b)(2)(A)—the state-prisoner corollary of § 2255(h)(2)—the retroactivity determination must be made by the Supreme Court. 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). In *Tyler,* the Court explained that " 'made' means 'held' and, thus, the requirement is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review." *Id.;* see also *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices."). Justice O'Connor, in a concurring opinion whose rationale was endorsed by the four dissenting justices, noted that the Supreme Court could make a rule retroactive "through multiple holdings that logically dictate the retroactivity of the new rule." *Tyler,* 533 U.S. at 668, 121 S.Ct. 2478 (O'Connor, J., concurring); see *id.* at 670–73, 121 S.Ct. 2478 (Breyer, J., dissenting,

joined by Stevens, Souter, & Ginsburg, JJ.). Accordingly, she wrote, "[i]f we hold in Case One that a particular type of rule applies retroactively … and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively…. In such circumstances, we can be said to have 'made' the given rule retroactive." *Id.* at 668–69, 121 S.Ct. 2478. She emphasized, however, that "the holdings must *dictate* the conclusion." *Id.* at 669, 121 S.Ct. 2478. The Court makes "a rule retroactive within the meaning of § 2244(b)(2)(A) only where the Court's holdings logically permit no other conclusion than that the rule is retroactive." *Id.*

In *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), the Court summarized the various ways in which new rules affect cases. When the Court announces a new rule, "that rule applies to all criminal cases still pending on direct review." *Id.* at 351, 124 S.Ct. 2519. For convictions that are already final, however, new rules apply only in limited situations:

> New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms … as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish….
>
> New rules of procedure … generally do not apply retroactively…. [W]e give retroactive effect to only a small set of " 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."

*Id.* at 351–52, 124 S.Ct. 2519 (quoting *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)); see also *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (discussing

the ground rules for retroactivity for constitutional procedural rules).

When the new rule is substantive, it is easy (as Justice O'Connor pointed out in *Tyler*) to demonstrate the required declaration from the Supreme Court confirming that the rule is retroactive: "When the Court holds as a new rule in a subsequent case that a particular species of primary, private individual conduct is beyond the power of the criminal lawmaking authority to proscribe, it necessarily follows that this Court has 'made' that new rule retroactive." *Tyler*, 533 U.S. at 669, 121 S.Ct. 2478; see also *Summerlin*, 542 U.S. at 351–52, 124 S.Ct. 2519 ("New *substantive* rules generally apply retroactively ... because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him.") (quoting *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). This is entirely consistent with *Teague*, which also recognized that new substantive rules are categorically retroactive. (The matter is not so "straightforward with respect to the second Teague exception ... for 'watershed rules of criminal procedure,'" *Tyler*, 533 U.S. at 669–70, 121 S.Ct. 2478 (O'Connor, J., concurring) (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. 1060), but the case before us does not present any such proposed rule.)

Several courts of appeals have adopted Justice O'Connor's *Tyler* analysis to determine whether a recent decision by the Supreme Court satisfies the standards for authorization under § 2255(h)(2) and its state-prisoner corollary, § 2244(b)(2)(A). The Eleventh Circuit authorized a prisoner to pursue a second collateral attack under *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) (holding that the Eighth Amendment prohibits the imposition of a capital sentence on a mentally disabled defendant), because

*Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), made *Atkins* retroactive. *In re Holladay*, 331 F.3d 1169, 1172–73 (11th Cir.2003). Other courts have applied the *Tyler* analysis to deny authorization, specifically looking to the *Teague* exceptions for new substantive rules or watershed procedural rules to see if the Court has made a new rule announced in a subsequent decision retroactive by "logical necessity" and concluding it had not. See *United States v. Redd*, 735 F.3d 88, 91 (2d Cir.2013) (*Teague* did not make *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), retroactive) (per curiam); *In re Zambrano*, 433 F.3d 886, 887–89 (D.C.Cir. 2006) (*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)); *Paulino v. United States*, 352 F.3d 1056, 1058–59 (6th Cir.2003) (*Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999)); *Cannon v. Mullin*, 297 F.3d 989, 993–94 (10th Cir.2002) (*Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)); *In re Turner*, 267 F.3d 225, 228–30 (3d Cir.2001) (*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

*Johnson*, we conclude, announced a new substantive rule. In deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited "a certain category of punishment for a class of defendants because of their status." *Saffle*, 494 U.S. at 494, 110 S.Ct. 1257. A defendant who was sentenced under the residual clause necessarily bears a significant risk of facing "a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352, 124 S.Ct. 2519. There is no escaping the logical conclusion that the Court itself has made *Johnson* categorically retroactive to cases on collateral review. Because Price has made a *prima facie* showing that he may be entitled to sen-

tencing relief under *Johnson*, we GRANT Price's application and AUTHORIZE the district court to consider a successive collateral attack presenting this claim.

We add a cautionary note in closing. Our review of Price's substantive claim is necessarily preliminary, and as we just noted, our holding is limited to the conclusion that Price has made a *prima facie* showing of a tenable claim under *Johnson*. The district court will have the opportunity to examine the claim in more detail as the case proceeds. That court is authorized under § 2244(b)(4) to dismiss any claim that it concludes upon closer examination does not satisfy the criteria for authorization. The judge is likely to be familiar with the case (or to become familiar easily) because § 2255 motions must be filed in the applicant's sentencing court, which has access to the criminal record and familiarity with the case. Our conclusions are tentative largely because of the strict time constraints under which we must review these applications. *Tyler*, 533 U.S. at 664, 121 S.Ct. 2478 ("It is unlikely that a court of appeals could make such a determination in the allotted time [30 days] if it had to do more than simply rely on Supreme Court holdings."). For example, we do not know whether Price has other qualifying convictions that were not considered at sentencing because, at that time, the three on which the court relied were sufficient. If he is successful in vacating his sentence under *Johnson*, the parties will be free to argue this and any other pertinent questions on resentencing.