This application for leave to file a second or successive motion to vacate, set aside, or correct a federal sentence requires us to decide whether the decision of the Supreme Court in Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), established “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme *988 Court,” 28 U.S.C. § 2255(h)(2). Gilberto Rivero was sentenced as a career offender under what were mandatory United States Sentencing Guidelines, and his judgment of conviction and sentence was upheld on direct appeal and collateral review, id. § 2255. Rivero now applies for leave to file a second or successive motion under section 2255. Because we hold that Johnson did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, we deny Rivero’s application.
Rivero filed an application seeking an order permitting the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, id. §§ 2255(h), 2244(b)(3)(A). His application may be granted only if this Court certifies that the second or successive motion involves one of the following “two narrow circumstances,” Gilbert v. United States, 640 F.3d 1293, 1305 (11th Cir.2011) (en banc):
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence ■ that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to eases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C).
A “new rule of constitutional law,” id. § 2255(h)(2), applies retroactively to criminal cases that became final before the rule was announced only if that rule falls within one of two narrow exceptions. See Teague v. Lane, 489 U.S. 288, 308, 109 S.Ct. 1060, 1074, 103 L.Ed.2d 334 (1989) (plurality opinion). The first exception requires the retroactive application of “[n]ew substantive rules.” Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (emphasis omitted). And the second exception requires the retroactive application of “a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.” Id. at 351, 124 S.Ct. at 2523 (internal quotation marks and citation omitted). The first exception limits the application of new substantive constitutional rules on collateral review of criminal convictions to those rules that “necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him,” id. at 352, 124 S.Ct. at 2522-23 (internal quotation marks and citation omitted); see also Teague, 489 U.S. at 311, 109 S.Ct. at 1075 (plurality opinion) (internal quotation marks and citation omitted) (explaining that a new substantive rule applies retroactively if it “places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe”), and the second exception limits the application of hew procedural constitutional rules on collateral review of criminal convictions to those rules “without which the likelihood of an accurate conviction is seriously diminished,” Teague, 489 U.S. at 313, 109 S.Ct. at 1077.
Rivero seeks permission to raise one claim in a second or successive motion under section 2255. Rivero asserts that he was sentenced as a career offender under mandatory Sentencing Guidelines because his prior conviction for attempted burglary *989 was a “crime of violence” under the residual clause of section 4B1.2(a)(2) of the Sentencing Guidelines. U.S.S.G. § 4B1.2(a)(2) (Nov.2003). Rivero argues that we should grant him leave to file a second or successive motion to vacate, set aside, or correct his sentence because Johnson created a new rule of constitutional law that falls within the exception that permits the retroactive application of new substantive rules. Although we agree that Johnson announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review.
“The new rule announced in [,Johnson ] is substantive rather than procedural because it narrow[ed] the scope of [section] 924(e) by interpreting its terms, specifically, the term violent felony.” Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1278 (11th Cir.2013) (internal quotation marks and citation omitted) (second alteration in original). In Johnson, the Supreme Court held that “imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution’s guarantee of due process.” 135 S.Ct. at 2563. That is, Johnson “narrowed the class of people who are eligible for” an increased sentence under the Armed Career. Criminal Act. Bryant, 738 F.3d at 1278 (emphasis omitted).
Even if we assume that the new substantive rule announced in Johnson also applies to the residual clause of section 4B1.2(a)(2) of the Sentencing Guidelines, that rule must also be “made retroactive to cases on collateral review by the Supreme Court,” 28 U.S.C. § 2255(h)(2), for Rivero to obtain our permission to file a second or successive motion. Under section 2255(h)(2), “the Supreme Court is the only entity that can ‘ma[k]e’ a new rule retroactive.” Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (second alteration in original) (quoting 28 U.S.C. § 2255(h)(2)). “When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding.” In re Anderson, 396 F.3d 1336, 1339 (11th Cir.2005). That is, “the Court does not make a rule retroactive through dictum or through multiple holdings, unless those holdings necessarily dictate retroactivity of the new rule.” Id. (internal quotation, marks and citation omitted); see also In re Henry, 757 F.3d 1151, 1160 (11th Cir.2014) (internal quotation marks and citation omitted) (explaining that “the Supreme Court could make a new rule retroactive to cases on collateral review through multiple holdings that logically dictate the retroac-tivity of the new rule”).
No combination of holdings of the Supreme Court “necessarily dictate” that Johnson should be .applied retroactively on collateral review. The Supreme Court decided Johnson on direct review, 135 S.Ct. at 2556, the decision, did not “express[ly] hold[ ]” that it applies retroactively, In re Moss, 703 F.3d 1301, 1303 (11th Cir.2013), and “the Supreme Court has not since applied [Johnson ] to a case on collateral review,” In re Anderson, 396 F.3d at 1339. Moreover, the rule announced in Johnson does not meet the criteria the Supreme Court uses to determine whether the ret-roactivity exception for new substantive rules applies. Johnson held that the residual clause of the Armed Career Criminal Act does not impose a punishment for a prior conviction for possession of a short-barreled shotgun because that clause is unconstitutionally vague, 135 S.Ct. at 2558, but Johnson did not hold that Congress could not impose a punishment for that same prior conviction in a statute with less vague language. Indeed, the day after the *990 Supreme Court decided Johnson, Congress could have amended the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), to provide a greater sentence for a defendant with a prior conviction for possession of a short-barreled shotgun or, as here, a prior conviction for attempted burglary. Nothing in Johnson suggests that “certain kinds of primary, private individual conduct [are] beyond the power of [Congress] to proscribe,” Teague, 489 U.S. at 311, 109 S.Ct. at 1075 (plurality opinion) (internal quotation marks and citation omitted).
There are two types of “new [substantive] rule[s] of constitutional law,” 28 U.S.C. § 2255(h)(2), that the Supreme Court has “necessarily dictate[d],” In re Anderson, 396 F.3d at 1339 (internal quotation marks and citation omitted), are to be applied “retroactively] on collateral review,” 28 U.S.C. § 2255(h)(2), and the new. rule announced in Johnson fits neither of those types. First, we apply retroactively on collateral review a new rule that prohibits the punishment of certain primary conduct. Examples of this type of new rule include Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), in which the Supreme Court held that the Fourteenth Amendment forbids states from making illegal private, homosexual sodomy between consenting adults, id. at 578, 123 S.Ct. at 2484, and Texas v. Johnson, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989), in which the Supreme Court held that the First Amendment forbids states from punishing an individual for burning the American flag in protest, id. at 414, 109 S.Ct. at 2545. Those rules operate retroactively on collateral review because they “place particular conduct or persons covered by [a] statute beyond the State’s power to punish.” Schriro, 542 U.S. at 352, 124 S.Ct. at 2522. Second, we apply retroactively on collateral review a new rule that prohibits a category of punishment for certain offenders or offenses. Examples of this type of new rule include Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), in which the Supreme Court held that the Eighth Amendment forbids states from “tak[ing] the life of a mentally retarded offender,” id. at 321, 122 S.Ct. at 2252 (internal quotation marks and citation omitted), and Kennedy v. Louisiana, 554 U.S. 407, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008), in which the Supreme Court held that the Eighth Amendment forbids states from executing a child rapist unless his crime “t[ook] the life of the victim,” id. at 447, 128 S.Ct. at 2665. Those rules operate retroactively on collateral review because they prevent a defendant from “fae[ing] a punishment that the law cannot impose upon him.” Schriro, 542 U.S. at 352, 124 S.Ct. at 2523; see also In re Holladay, 331 F.3d 1169, 1173 (11th Cir.2003) (holding that “there is no question that the new constitutional rule ... articulated in Atkins is retroactively applicable to cases on collateral review”). The new rule announced in Johnson neither prohibits Congress from punishing a criminal who has a prior conviction for attempted burglary nor prohibits Congress from increasing that criminal’s sentence because of his pri- or conviction.
We acknowledge that one of our sister circuits has held that Johnson applies retroactively to decisions on collateral review, but we are unpersuaded by that decision. See Price v. United States, No. 15-2427, 795 F.3d 731, 2015 WL 4621024 (7th Cir. Aug. 4, 2015). In Price, the Seventh Circuit explained that “[t]here is no escaping the logical conclusion that the [Supreme] Court itself has made Johnson categorically retroactive to cases on collateral review” because “[a] defendant who was sentenced under the residual clause necessarily bears a significant risk of facing a punishment *991 that the law cannot impose upon him.” Id. at *7. We disagree. We can “eseap[e] th[at] logical conclusion” because Congress could impose the punishment in Johnson if Congress did so with specific, not vague, language.
Our dissenting colleague assumes that the new rule announced in Johnson also applies to the residual clause of the career offender enhancement in the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2), but that assumption makes clear that precedents of the Supreme Court do not “necessarily dictate,” In re Anderson, 396 F.3d at 1339 (internal quotation marks and citation omitted), that Rivero may file his second or successive motion to vacate, set aside, or correct his sentence. See Dissenting Op. at 993 n. 2. The Supreme Court has never held that the Sentencing Guidelines are subject to a vagueness challenge. And four of our sister circuits have held that the Sentencing Guidelines — whether mandatory or advisory — cannot be unconstitutionally vague because they “do not establish the illegality of any conduct” and are “designed to assist and limit the discretion of the sentencing judge.” United States v. Tichenor, 683 F.3d 358, 363-66, 365 n. 3 (7th Cir.2012); see also United States v. Smith, 73 F.3d 1414, 1418 (6th Cir.1996); United States v. Pearson, 910 F.2d 221, 223 (5th Cir.1990); United States v. Wivell, 893 F.2d 156, 159-160 (8th Cir.1990). But the absence of Supreme Court precedent provides an alternative ground for why we must deny Rivero’s application for leave to file a second or successive motion.
Our dissenting colleague also misunderstands the precedents of the Supreme Court on which she relies. In Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442, the Supreme Court explained that new substantive rules “generally apply retroactively” on collateral review, and it listed as examples of new substantive rules “decisions that narrow the scope of a criminal statute by interpreting its terms” and “constitutional determinations that place particular conduct or persons covered by the statute beyond the State’s power to punish,” id. at 351-52, 124 S.Ct. at 2522. As an example of a “decision that narrow[s] the scope of a criminal statute by interpreting its terms,” the Supreme Court cited Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), in which the Supreme Court explained that a new substantive rule that narrowed the definition of the word “use” applied retroactively on collateral review, Schriro, 542 U.S. at 351, 124 S.Ct. at 2522; see also Bousley, 523 U.S. 614, 118 S.Ct. 1604 (discussing the new substantive rule announced in Bailey v. United States, 516 U.S. 137, 139, 116 S.Ct. 501, 503, 133 L.Ed.2d 472 (1995)). But that new rule was the product of statutory interpretation, see Bailey, 516 U.S. at 139, 116 S.Ct. at 503 (interpreting 18 U.S.C. § 924(c)(1)), and it was not a new rule of constitutional law. The discussion in Schri-ro acknowledged that the type of new substantive rule at issue in Bousley is not a constitutional rule. See 542 U.S. at. 351-52, 124 S.Ct. at 2522 (drawing a distinction between new rules that “narrow the scope of a criminal statute by interpreting its terms ” and “constitutional determinations that place particular conduct or persons covered by the statute beyond the State’s power to punish”) (emphasis added). If Rivero-like the petitioner in Bousley— were seeking a first collateral review of his sentence, the new substantive rule from Johnson would apply retroactively. But Rivero has applied for leave to file a second or successive motion to vacate, set aside, or correct a federal sentence, and we may permit that leave only if his second or successive motion involves “a new rule of a new rule of constitutional law, made retroactive to cases on collateral re *992 view by the Supreme Court,” 28 U.S.C. § 2255(h)(2) (emphasis added). Bousley did not involve a new rule of constitutional law, so its holding cannot “necessarily dictate,” In re Anderson, 396 F.3d at 1339 (internal quotation marks and citation omitted), that we apply the new rule from Johnson retroactively on collateral review.
Our dissenting colleague asserts that the government “d[id] not contest Johnson’s retroactivity,” Dissenting Op. at 14, in another appeal, Price v. United States, No. 15-2427, 795 F.3d 731, 2015 WL 4621024 (7th Cir. Aug. 4, 2015), but the government used tentative language to explain its position. See Dissenting Op. at 992 n. 1, 998-99. In Price, the government explained in its brief that the applicant made a “plausible argument that Johnson is a new ... rule of constitutional law that the Supreme Court has, through a combination of holdings, made ... retroactive to cases on collateral review,” Response to Application, Price v. United States, No. 15-2427, at 19 (July 14, 2015) (internal quotation marks and citation omitted). Although the government did not contest that the new rule announced in Johnson applies retroactively on collateral review, the government did not concede that the applicant was entitled to relief. See id. at 20 (asserting that the applicant’s “claim [has] possible merit”) (internal quotation marks omitted). Moreover, the argument that the government asserted might “plausibl[y],” id. at 19, make the new rule from Johnson apply retroactively on collateral review is not the argument upon which the Seventh Circuit relied in its decision in Price, No. 15-2427. The government, like our dissenting colleague, relied upon Bousley, but the Seventh Circuit held that the new rule in Johnson “prohibited a certain category of punishment for a class of defendants because of their status,” Price, No. 15-2427, at *7. That is, even the Seventh Circuit did not hold that Bousley “necessarily dictate[s],” In re Anderson, 396 F.3d at 1339 (internal quotation marks and citation omitted), that the new rule announced in Johnson applies retroactively on collateral review.
Our dissenting colleague also asserts that, “[w]hen a person serving a term in prison was sent there pursuant to an unconstitutional provision [of a statute], future Congresses are not in a position to fix it[, b]ut we are.” Dissenting Op. at 1001-02. Our dissenting colleague has the law backwards. Congress enacted section 2255(h)(2) to prohibit us from granting leave to file a second or successive motion to vacate, set aside, or correct a federal sentence unless “the Supreme Court” has made “a new rule of constitutional law ... retroactive to cases on collateral review,” 28 U.S.C. § 2255(h)(2), and only Congress can amend that statute. Congress is “in a position to fix it,” Dissenting Op. at 1001, by permitting prisoners like Rivero to benefit from the new rule announced in Johnson. But unless Congress amends section 2255(h)(2), we cannot permit Rivero to file his second or successive motion.
Rivero’s application for leave to file a second or successive motion to vacate, set aside, or correct his sentence is DENIED.