**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

SHAWN J. GIESWEIN,

         Movant.

No. 15-6138
(D.C. Nos. 5:11-CV-00021-F &
5:07-CR-00120-F-1)
(W.D. Okla.)

**ORDER**

Before **KELLY**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

**PER CURIAM**.

Shawn J. Gieswein, a federal prisoner, was convicted of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and witness tampering. Proceeding pro se, he seeks authorization to file a second or successive motion under 28 U.S.C. § 2255 challenging his sentence for his firearms conviction. We deny authorization.

**I.**

We may authorize Gieswein's claim only if it relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3)(C). Gieswein must make a prima facie showing that he can satisfy the gate-keeping requirements of § 2255(h). *See In re Shines*, 696 F.3d 1330, 1332 (10th Cir. 2012) (per curiam). In this context, a prima facie showing requires Gieswein to make "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir.), *cert. denied*, 134 S. Ct. 269 (2013) (internal quotation marks omitted). "If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive [motion], we shall grant the application." *Id.* (internal quotation marks omitted).

## II.

Gieswein is serving a 240-month sentence on his firearms conviction. He asserts that sentence was improperly enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The ACCA dictates a minimum fifteen-year sentence if the offender violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." *Id.* Gieswein maintains that, under the Supreme Court's recent holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), none of his three prior felony convictions used to enhance his sentence qualifies as a "violent felony" under the ACCA. He seeks authorization to file a second or successive § 2255 motion asserting a claim under *Johnson*, which he contends announced

"a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).[1]

Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized language is commonly referred to as the "residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the sentencing court determined that the defendant's previous conviction for unlawful possession of a short-barreled shotgun qualified as a violent felony under the residual clause and enhanced his sentence based, in part, on that conviction. *See id*. The Supreme Court ultimately held that enhancing a sentence under the residual clause violates a defendant's right to due process because that portion of the ACCA is unconstitutionally vague. *See id.* at 2557, 2563. Gieswein asserts that all

---

[1]  Gieswein filed his first § 2255 motion in 2011, and the district court denied relief. This court denied a certificate of appealability ("COA") on one claim, granted a COA on two other claims, then affirmed the denial of relief on those claims. *See United States v. Gieswein*, 495 F. App'x 944, 945 (10th Cir. 2012).

of his three prior convictions qualify as violent felonies only under the ACCA residual clause.[2]

## A.

To obtain our authorization to file a second or successive § 2255 motion, Gieswein must demonstrate that *Johnson* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). We first address whether *Johnson* announced a new rule of constitutional law, and we conclude that it did.

"A case announces a new rule . . . when it breaks new ground or imposes a new obligation on the government. To put it differently . . . a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (citation, internal quotation marks, and brackets omitted). *Johnson* held that a portion of the ACCA violates defendants' constitutional right to due process, overruling two prior Supreme Court cases that had concluded otherwise.

---

[2] The holding in *Johnson* applies only to the residual-clause definition of "violent felony," and "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. Gieswein indicates that his three underlying Oklahoma convictions were for destruction of property by explosive device, burglary, and lewd molestation. Although we do not determine the merits of the movant's claim in deciding a motion for authorization to file a second or successive § 2255 motion, we note that the surviving definition of "violent felony" under the ACCA includes a felony conviction for "burglary" as well as a felony conviction that "involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).

- 4 -

*See* 135 S. Ct. at 2562-63.  The Court thus applied a constitutional principle in a decision that was contrary to, rather than dictated by, its own precedent.  Therefore, we hold that *Johnson* announced a new rule of constitutional law.  *See Price v. United States*, __ F.3d __, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (holding *Johnson* announced a new rule of constitutional law); *In re Rivero*, __ F.3d __, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (same).

## B.

Gieswein contends that we should authorize his second or successive § 2255 motion because the Supreme Court has made the new rule in *Johnson* retroactive to cases on collateral review.  Under § 2255(h)(2), "'the Supreme Court is the only entity that can "make" a new rule retroactive.'"  *Cannon v. Mullin*, 297 F.3d 989, 993 (10th Cir. 2002) (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)) (brackets omitted).  And the Supreme Court can only "make a rule retroactively applicable . . . through a 'holding' to that effect."  *Id.* (quoting *Tyler*, 533 U.S. at 663).

## 1.

The Supreme Court has not explicitly held that the new rule in *Johnson* is retroactively applicable to cases on collateral review.  Gieswein argues, however, that the rule in *Johnson* qualifies for retroactive application in cases on collateral review under the reasoning in *Teague v. Lane*, 489 U.S. 288 (1989), and therefore *should be* applied retroactively.  But "[i]t is clear that the mere fact a new rule *might* fall within the general parameters of overarching retroactivity principles established by the

- 5 -

Supreme Court (i.e., *Teague*) is not sufficient." *Cannon*, 297 F.3d at 993. This is so because "[t]he Supreme Court does not make a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts." *Id.* (internal quotation marks omitted). Thus, in the context of deciding a motion for authorization, it is not this court's task to determine whether (or not) a new rule fits within one of the categories of rules that the Supreme Court has held apply retroactively. *See id.* at 994. Our inquiry is statutorily limited to whether the Supreme Court *has made* the new rule retroactive to cases on collateral review.

**2.**

Gieswein also contends that the Supreme Court has made the rule in *Johnson* retroactive to cases on collateral review in a number of its holdings, read together. The Court has indeed recognized that "[m]ultiple cases can render a new rule retroactive"—"with the right combination of holdings"—but "only if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 666. Gieswein directs our attention to the Seventh Circuit's decision in *Price*, 2015 WL 4621024, at *2-3, which held that a combination of Supreme Court holdings necessarily dictates the conclusion that the Supreme Court has made the new rule in *Johnson* retroactively applicable to cases on collateral review. In so holding, that court cited *Johnson*, *Teague*, *Tyler*, *Schriro v. Summerlin*, 542 U.S. 348 (2004), and several other Supreme Court decisions. *See id.*

- 6 -

We respectfully disagree that the Supreme Court's holdings in these cases necessarily dictate retroactivity of the new rule in *Johnson*. As Justice O'Connor posited in her *Tyler* concurrence,

> [I]f [the Supreme Court] hold[s] in Case One that a particular type of rule applies retroactively to cases on collateral review and hold[s] in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review. In such circumstances, [the Court] can be said to have 'made' the given rule retroactive to cases on collateral review.

*Tyler*, 533 U.S. at 668-69 (O'Connor, J., concurring); *see also Cannon*, 297 F.3d at 993 n.3 (quoting this portion of Justice O'Connor's concurrence). Here there is no "Case Two." The Supreme Court has not held that the rule announced in *Johnson* is of a particular type that the Court previously held applies retroactively. And the Supreme Court—not this court—must make that determination. *See Cannon* 297 F.3d at 993-94.

As we stated in *Cannon*, "The Court's recognition in *Tyler* of the possibility that multiple cases can render a new rule retroactive does not . . . give this court license to grant permission to file a second [§ 2255 motion] premised on our own determination that a new rule fits within [a] *Teague* exception." *Id.* at 994. In the limited time we are statutorily permitted to consider and decide motions for authorization, we do not "engage in the difficult legal analysis that can be required to determine questions of retroactivity in the first instance." *Id.* (internal quotation marks omitted). Rather, we look for Supreme Court *holdings* that, "by strict logical necessity," dictate that the Supreme Court, itself, has made a new rule retroactive on

- 7 -

collateral review. *Id.* (internal quotation marks omitted). There is no such combination of Supreme Court holdings necessarily dictating retroactive application of the new rule announced in *Johnson*.

## C.

We acknowledge that the Seventh Circuit reached a different conclusion in *Price*. It pointed to the Supreme Court's statement in *Summerlin* that "'[n]ew *substantive* rules generally apply retroactively . . . because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.'" 2015 WL 4621024, at *2 (quoting *Summerlin*, 542 U.S. at 351-52) (internal quotation marks omitted). *Price* also noted *Summerlin*'s holding that new substantive rules include "'constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish.'" *Id.* (quoting *Summerlin*, 542 U.S. at 352). And *Price* pointed to Justice O'Connor's concurrence in *Tyler*, in which she stated:

> It is relatively easy to demonstrate the required logical relationship with respect to the first exception articulated in *Teague*. Under this exception, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. When the Court holds as a new rule in a subsequent case that a particular species of primary, private individual conduct is beyond the power of the criminal lawmaking authority to proscribe, it necessarily follows that this Court has "made" that new rule retroactive to cases on collateral review.

- 8 -

*Tyler*, 533 U.S. at 669 (O'Connor, J., concurring) (citations and internal quotation marks omitted); *see Price*, 2015 WL 4621024, at \*2.

Applying these retroactivity principles to the new rule in *Johnson*, *Price* first held that *Johnson* announced a new *substantive* rule of constitutional law. *See* 2015 WL 4621024, at \*3. It further held that pursuant to this new rule "[a] defendant who was sentenced under the residual clause necessarily bears a significant risk of facing 'a punishment that the law cannot impose upon him.'" (quoting *Summerlin*, 542 U.S. at 352). On the basis of these two predicate holdings—*neither of which had been made by the Supreme Court*—the Seventh Circuit then held that "[t]here is no escaping the logical conclusion that the Court itself has made *Johnson* categorically retroactive to cases on collateral review." *Price*, 2015 WL 4621024, at \*3.

We decline to adopt the Seventh Circuit's approach in *Price*, under which that court applied the Supreme Court's retroactivity principles to determine, for itself in the first instance, whether the rule in *Johnson* is of a type that the Supreme Court has held applies retroactively. Our sister circuit did what we have said we cannot do: it made its "own determination that a new rule fits within [a] *Teague* exception [to non-retroactivity]." *Cannon*, 297 F.3d at 994.

The Eleventh Circuit followed a similar path in *Rivero*. It concluded, however, that "[n]o combination of holdings of the Supreme Court necessarily dictate that *Johnson* should be applied retroactively on collateral review." 2015 WL

- 9 -

4747749, at \*2 (internal quotation marks omitted). *Rivero* began by noting that the Supreme Court did not expressly state in *Johnson* that its holding applies retroactively, nor has the Court applied the *Johnson* holding on collateral review in a later case. *See id.* But the Eleventh Circuit then proceeded to conclude that "the rule announced in *Johnson* does not meet the criteria the Supreme Court uses to determine whether the retroactivity exception for new substantive rules applies." *Id. Rivero* reasoned—contrary to the holding in *Price*—that although *Johnson* announced a new substantive rule of constitutional law, it did not "suggest[] that 'certain kinds of primary, private individual conduct are beyond the power of Congress to proscribe.'" *Id.* (quoting *Teague*, 489 U.S. at 311 (plurality opinion)) (brackets omitted).

Our sister circuits' holdings in *Price* and *Rivero* illustrate the difficulty with their approach to determining whether the Supreme Court has made a new rule of constitutional law retroactive to cases on collateral review. Both courts applied the Supreme Court's retroactivity principles, yet they reached opposite conclusions. This is unsurprising, as the Supreme Court has recognized "the difficult legal analysis that can be required to determine questions of retroactivity in the first instance." *Tyler*, 533 U.S. at 664. And that is why the Court has said we need not (and should not) "do more than simply rely on Supreme Court holdings on retroactivity." *Id.*

### III.

The Supreme Court has not held in one case, or in a combination of holdings that dictate the conclusion, that the new rule of constitutional law announced in

*Johnson* is retroactive to cases on collateral review.  Therefore, Gieswein's motion does not "satisf[y] the stringent requirements for the filing of a second or successive [motion]."  *Case*, 731 F.3d at 1028 (internal quotation marks omitted).  Accordingly, we deny Gieswein's motion for authorization to file a second or successive § 2255 motion.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).  Gieswein's Motion for Resentencing is denied.