# United States Court of Appeals

## For the First Circuit

No. 15-1799

JOHN PAKALA,

Petitioner,

v.

UNITED STATES,

Respondent.

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255

Before

Torruella, Lynch and Kayatta,
Circuit Judges.

John Pakala Pro Se.
Sandra S. Bower, Assistant U.S. Attorney, and Carmen M. Ortiz,
U.S. Attorney, for Respondent.

October 20, 2015

**Per Curiam.**    Petitioner John Pakala, who is serving a 235-month sentence as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), seeks certification to file in district court a second or successive 28 U.S.C. § 2255 motion to vacate his sentence. See § 2255(h).  He relies upon the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015), which struck down the "residual clause" of the ACCA as unconstitutionally vague.  In affirming Pakala's sentence on direct appeal, we relied upon a determination that his two prior Florida convictions qualified as violent felonies under the ACCA's residual clause. See United States v. Pakala, 568 F.3d 47, 55 (1st Cir. 2009).

"In deciding whether to grant certification in the absence of any newly discovered evidence, we ask whether the petition 'contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.'" Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014)(quoting § 2255(h)(2)).  At this stage, "the court of appeals should ask whether the 'application makes a prima facie showing' that it satisfies the applicable requirements." Id.  The question before us here is not whether the petition has merit, but instead "whether 'it appears reasonably likely'" that the petition satisfies the gatekeeping requirements for filing a second or successive petition. Id. (citation omitted).

Here, the government concedes that Johnson announced a new rule of constitutional law that was previously unavailable. And, it further concedes that Pakala has at least made a prima facie showing that Johnson has been made retroactive by the Supreme Court.[1] In view of the government's concessions, we certify that Pakala has made the requisite *prima facie* showing that the new constitutional rule announced in Johnson "qualifies as a basis for habeas relief on a second or successive petition, and so we allow him to file his petition with the district court." Evans-Garcia, 744 F.3d at 240. The application is granted. Petitioner's motion for appointment of counsel is denied as moot.

---

[1] The retroactivity question has divided the circuits to have considered it. Compare Price v. United States, 795 F.3d 731, 734-35 (7th Cir. 2015) (granting certification under § 2255(h)(2) on the grounds that Johnson's new rule of constitutional law had been made categorically retroactive by the Supreme Court to cases on collateral review, and that Price had made a prima facie showing that he might be entitled to sentencing relief under Johnson); with In re: Rivero, ___ F.3d ___, 2015 WL 4747749, *2 (11th Cir., Aug. 12, 2015)(denying certification on the ground that -- even assuming that Johnson applies to invalidate the residual clause of U.S.S.G. § 4B1.2(a)(2) -- the new substantive rule announced in Johnson has not been "made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2)), and In re Gieswein, ___ F.3d ___, 2015 WL 5534388 (10th Cir., Sept. 21, 2015) (denying certification and rejecting approach of Seventh and Eleventh Circuits to the extent that the court of appeals applied "the Supreme Court's retroactivity principles to determine, for itself in the first instance, whether the rule in Johnson is of a type that the Supreme Court has held applies retroactively").