# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3531
_____

Charles Woods

*Petitioner*

v.

United States of America

*Respondent*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 5, 2015
Filed: November 20, 2015
[Published]

_____

Before BENTON, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Charles Woods seeks authorization to file a successive 28 U.S.C. § 2255 motion, asserting the Supreme Court established a new rule made retroactive when it held in Johnson v. United States that the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutional. __ U.S. __, 135 S. Ct. 2551 (2015). The

government joins his motion. We grant Woods authorization to file a successive § 2255 petition.

In October 2002, a jury convicted Woods of being a felon in possession of a firearm and a felon in possession of ammunition, both in violation of 18 U.S.C § 922(g)(1), and a felon in possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). While Woods's conviction under § 922(g)(1) would typically carry a maximum sentence of ten years, Woods had three convictions that qualified as "violent felonies" under the ACCA and was therefore subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e). The district court sentenced Woods to 235 months.

One of Woods's three ACCA predicate offenses was a conviction for attempted burglary, which at the time qualified as a violent felony under the ACCA's residual clause because it created a "serious potential risk of physical injury to another." 18 U.S.C. § 924(e). In <u>Johnson</u>, however, the Supreme Court held the ACCA's residual clause was unconstitutionally vague. 135 S. Ct. at 2557. The government concedes that under <u>Johnson</u>, Woods's conviction for attempted burglary is no longer a predicate offense under the ACCA.

We may authorize a second or successive petition under § 2255 if the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The petitioner must make a prima facie showing that his petition falls within the scope of § 2255(h)(2). <u>Johnson v. United States</u>, 720 F.3d 720 (8th Cir. 2013). A prima facie showing is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." <u>Id.</u> (quoting <u>Bennett v. United States</u>, 119 F.3d 468, 469 (7th Cir. 1997)).

Every circuit confronted with the issue of whether the Supreme Court's prior holdings have made Johnson retroactive for purposes of § 2255(h)(2) has taken a different approach. See Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) (holding Johnson announced a new substantive rule and prior Supreme Court holdings make it retroactive); In re Gieswein, 802 F.3d 1143, 1148–49 (10th Cir. 2015) (holding the Supreme Court has not held in a case or a combination of cases that the rule in Johnson is retroactive to cases on collateral review, and therefore it has not "made" Johnson retroactive); In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (holding Supreme Court "made" new substantive rules retroactive in Schriro v. Summerlin, 542 U.S. 348, 351 (2004), but finding Johnson did not announce a new substantive rule under Summerlin); Pakala v. United States, __ F.3d __, No.15-1799, 2015 WL 6158150, at *1 (1st Cir. Oct. 20, 2015) (per curiam) (noting the circuit split, declining to address the issue, and finding petitioner made prima facie showing of retroactivity where government conceded retroactivity).

In this Circuit, we have previously accepted the government's concession of retroactivity of a new Supreme Court rule as a sufficient prima facie showing to allow a second or successive § 2255 petition. Martin v. Symmes, 782 F.3d 939, 945 (8th Cir. 2015); Johnson, 720 F.3d at 721 ("The government here has conceded that Miller is retroactive and that Mr. Johnson may be entitled to relief under that case, and we therefore conclude that there is a sufficient showing here to warrant the district court's further exploration of the matter."). This is the approach the First Circuit has taken as well. Pakala, 2015 WL 6158150 at *1.

Here, the United States concedes that Johnson is retroactive, and it joins Woods's motion. Based on the government's concession, we conclude that Woods has made a prima facie showing that his motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." 28 U.S.C. § 2255(h)(2). Therefore, we grant Woods authorization to file a successive § 2255 motion.

_____