# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3550

_____

Junior C. Menteer,

*Petitioner*,

v.

United States of America,

*Respondent*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 9, 2015
Filed: December 3, 2015

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Junior Menteer moves for authorization to file a successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Menteer seeks to present a new claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. He asserts that the sentence imposed in his criminal case by the district court, in

reliance on the residual clause, exceeds the statutory maximum penalty in light of *Johnson*.

Under 28 U.S.C. § 2255, as relevant here, this court may grant a motion for authorization only if the movant makes a *prima facie* showing that the proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see id.* § 2244(b)(3)(C). Circuit precedent requires that we grant Menteer's motion. *Woods v. United States*, No. 15-3531, 2015 WL 7351939 (8th Cir. Nov. 20, 2015) (per curiam). *Woods* concluded that solely because the government conceded that a motion for authorization based on *Johnson* should be granted, the movant made a *prima facie* showing under § 2255(h)(2). *Id*. at *2; *accord Pakala v. United States*, 804 F.3d 139, 140 (1st Cir. 2015) (per curiam).

We emphasize, however, that after the motion is filed, the district court "must not defer" to this court's "preliminary determination" in granting authorization. *Kamil Johnson v. United States*, 720 F.3d 720, 721 (8th Cir. 2013) (per curiam) (internal quotation omitted). That admonition is particularly appropriate here, because *Woods* relied entirely on a concession by the government and conducted no analysis of whether the Supreme Court's recent decision in *Johnson* announced a new rule of constitutional law that has been "made retroactive to cases on collateral review by the Supreme Court." Three circuits have concluded that movants relying on *Johnson* failed to make even a *prima facie* showing that the statutory requirements are satisfied. *See In re Williams*, No. 15-30731, 2015 WL 7074261, at *2 (5th Cir. Nov. 12, 2015); *In re Gieswein*, 802 F.3d 1143, 1147 (10th Cir. 2015) (per curiam); *In re Rivero*, 797 F.3d 986, 989-90 (11th Cir. 2015) (per curiam). *But see Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The district court—unencumbered by the "stringent time limit" that applies to the court of appeals, *see Tyler v. Cain*, 533 U.S. 656, 664 (2001)—should give due

consideration to the views of the other circuit courts. The government's position is not conclusive, *see United States v. Dawn*, 685 F.3d 790, 795 (8th Cir. 2012), and "the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." *Kamil Johnson*, 720 F.3d at 721 (internal quotation omitted).

The motion for authorization is granted.

_____