# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3188

_____

Carl Lee Richardson

*Petitioner*

v.

United States of America

*Respondent*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 24, 2015
Filed: December 16, 2015
[Unpublished]

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM

Carl Richardson moves for authorization to file a successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Richardson seeks to present new claims based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. He asserts that the sentence imposed by the district court in his case, in reliance on

the residual clause, exceeds the statutory maximum penalty in light of *Johnson.* Further, Richardson contends that *Johnson* applies to the district court findings that he was a career offender and armed career offender for purposes of U.S.S.G. §§ 4B1.1 and 4B1.4(b)(3)(B).

The government concedes that *Johnson* may apply retroactively in collateral proceedings to Richardson's § 924(e) claim, and that Richardson may be entitled to relief under that case. The government states however that *Johnson* does not apply to sentencing guidelines claims on collateral review and asks that the motion be denied to the extent that it challenges the sentencing guidelines calculations.

We accept the government's concession of retroactivity of a new Supreme Court rule as a sufficient *prima facie* showing to allow a second or successive § 2255 petition. *Woods v. United States*, No. 15-3531, 2015 WL 7351939 (8th Cir. Nov. 20, 2015) (per curiam).

However, the government has not conceded that the rule in *Johnson* would impact Richardson's sentencing guidelines calculations, and we conclude that he has not made the requisite *prima facie* showing under § 2255(h)(2) with respect to this claim, as any extension of the rule in *Johnson* would not be a new substantive rule under *Teague v. Lane*, 489 U.S. 288 (1989).

Accordingly, the motion for authorization with respect to Richardson's § 924(e) claim is granted. However, the motion for authorization is denied to the extent that it seeks to challenge his sentencing guidelines calculations.

COLLOTON, Circuit Judge, concurring.

This panel is constrained by circuit precedent, *Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) (per curiam), to grant Carl Richardson's motion for

authorization to file a successive motion challenging his status as an armed career criminal under 18 U.S.C. § 924(e) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). After the motion is filed, however, the district court "must not defer" to this court's "preliminary determination" in granting authorization. *Kamil Johnson v. United States*, 720 F.3d 720, 721 (8th Cir. 2013) (per curiam) (internal quotation omitted). That admonition is particularly appropriate here, because *Woods* relied exclusively on a concession by the government and conducted no analysis of whether the Supreme Court's recent decision in *Johnson* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Three circuits have concluded that movants relying on *Johnson* failed to make even a *prima facie* showing that the statutory requirements are satisfied. *See In re Williams*, 806 F.3d 322, 325-26 (5th Cir. 2015); *In re Gieswein*, 802 F.3d 1143, 1147 (10th Cir. 2015) (per curiam); *In re Rivero*, 797 F.3d 986, 989-90 (11th Cir. 2015) (per curiam). *But see Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The district court—unencumbered by the "stringent time limit" that applies to the court of appeals, *see Tyler v. Cain*, 533 U.S. 656, 664 (2001)—should give due consideration to the views of the other circuit courts. The district court also should consider whether Richardson's prior convictions qualify as violent felonies under subsections of § 924(e) other than the residual clause. The government's position is not conclusive, *see United States v. Dawn*, 685 F.3d 790, 795 (8th Cir. 2012), and "the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." *Kamil Johnson*, 720 F.3d at 721 (internal quotation omitted). *See Menteer v. United States*, No. 15-3090, 2015 WL 7783653 (8th Cir. Dec. 3, 2015).

———————————————