PER CURIAM.
Carl Richardson moves for authorization to file a successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Richardson seeks to present new claims based on Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is ■ unconstitutionally vague. He asserts that the sentence imposed by the .district court in his case, in reliance on the residual clause, exceeds the statutory maximum penalty in light of Johnson. Further, Richardson contends that Johnson applies to the district court findings that he was a career offender and armed career criminal for purposes of U.S.S.G. §§ 4B1.1 and 4B1.4(b)(3)(B).
The government concedes that Johnson may apply retroactively in collateral proceedings to Richardson’s § 924(e) elaim, and that Richardson may be entitled to relief under that case. The government states however that Johnson does not apply to sentencing guidelines claims on collateral review and asks that the motion be denied to the extent that it challenges the sentencing guidelines calculations.
We accept the government’s concession of retroactivity of a new Supreme Court rule as a sufficient prima facie showing to allow a second or successive § 2255 petition. Woods v. United States, 805 F.3d 1152 (8th Cir.2015) (per curiam).
However, the government has not conceded that the rule in Johnson would impact Richardson’s sentencing guidelines calculations, and we conclude that he has not made the requisite prima facie showing under § 2255(h)(2) with respect to this claim, as any extension of the rule in Johnson would not be a new substantive rule under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060,103 L.Ed.2d 334 (1989).
Accordingly, the motion for authorization with respect to Richardson’s § 924(e) claim is granted. However, the motion for authorization is denied to the extent that it seeks to challenge his sentencing guidelines calculations.