COLLOTON, Circuit Judge,
concurring.
This panel is constrained by circuit precedent, Woods v. United States, 805 F.3d 1152 (8th Cir.2015) (per curiam), to grant Carl Richardson’s motion for authorization to file a successive motion challenging his status as an armed career criminal under 18 U.S.C. § 924(e) based on Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). After the motion is filed, however, the district court “must not defer” to this court’s “preliminary determination” in granting authorization. Kamil Johnson v. United States, 720 F.3d 720, 721 (8th Cir.2013) (per curiam) (internal quotation omitted). That admonition is particularly appropriate here, because Woods relied exclusively on a concession by the government and conducted no analysis of whether the Supreme Court’s recent decision in Johnson announced “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.” 28 U.S.C. § 2255(h). Three circuits have concluded that movants relying on Johnson failed to make even a prima facie showing that the statutory requireménts are satisfied. See In re Williams, 806 F.3d 322, 325-26 (5th Cir.2015); In re Gieswein, 802 F.3d 1143, 1147 (10th Cir.2015) (per curiam); In re *843 Rivero, 797 F.3d 986, 989-90 (11th Cir. 2015) (per curiam). But see Price v. United States, 795 F.3d 731, 734 (7th Cir.2015).
The district court — unencumbered by the “stringent time limit” that applies to the court of appeals, see Tyler v. Cain, 533 U.S. 656, 664, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) — should give due consideration to the views of the other circuit courts. The district court also should consider whether Richardson’s prior convictions qualify as violent felonies under subsections of § 924(e) other than the residual clause. The government’s position is not conclusive, see United States v. Dawn, 685 F.3d 790, 795 (8th Cir.2012), and “the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.” Kamil Johnson, 720 F.3d at 721 (internal quotation omitted). See Menteer v. United States, 806 F.3d 1156 (8th Cir.2015).