**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0804n.06
Filed: November 15, 2007

**No. 05-5684**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DONALD C. MCCARY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| VIRGINIA LEWIS, Warden, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; and VINSON, District Judge.[*]

PER CURIAM. Donald C. McCary appeals the district court's order denying his petition for

habeas corpus relief grounded on the prosecutor's references to religion during closing argument.

Giving that decision fresh review, *Joseph v. Coyle*, 469 F.3d 441, 469 (6th Cir. 2006), having had

the benefit of oral argument, and having studied the record on appeal and the parties' briefs, we are

not persuaded that the district court erred in denying McCary's petition. Because the reasons for

denying the petition have been fully articulated by the district court, the issuance of a detailed

opinion by this court would be duplicative and serve no useful purpose. Accordingly, we affirm the

district court's judgment upon the reasoning set out by that court in its order dated March 29, 2005,

---

[*]The Honorable C. Roger Vinson, Senior United States District Judge for the Northern
District of Florida, sitting by designation.

but with the following brief discussion amending the district court's opinion as to the appropriate standard for assessing harmless error.

As the district court recognized, prosecutorial misconduct is subject to harmless-error analysis on federal habeas review. *Macias v. Makowski*, 291 F.3d 447, 451 (6th Cir. 2002); *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Supreme Court articulated two harmless-error standards. *Wilson v. Mitchell*, 498 F.3d 491, 502 (6th Cir. 2007). On direct review, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). On collateral review, a more state-friendly standard prevailed: courts should consider an error harmless unless the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Congress complicated this dichotomy when it enacted AEDPA because AEDPA dictates that federal courts shall not grant habeas relief unless the state-court decision was either (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *Wilson*, 498 F.3d at 502 (quotation marks omitted); *see also* 28 U.S.C. § 2254(d). Post-AEDPA, we continued to apply only the *Brecht* standard, reasoning that if a petitioner satisfies that standard, "he will surely have demonstrated that the state court's finding that the error was harmless beyond a reasonable doubt . . . resulted from an unreasonable application of *Chapman*." *Nevers v. Killinger*, 169 F.3d 352, 371–72 (6th Cir. 1999). Revisiting the standard following the Supreme Court's decision in *Mitchell v. Esparza*, 540 U.S. 12 (2003) (per curiam), which suggested that courts should apply only the *Chapman*-plus-AEDPA-deference standard of review, we again altered our view of the proper inquiry. We decided in *Eddleman v. McKee*, 471 F.3d 576, 585 (6th Cir. 2006), to ask whether the state court's harmless-error decision "was contrary to, or an unreasonable application of, *Chapman*."

While McCary's appeal was pending, the Supreme Court in *Fry v. Pliler*, 127 S. Ct. 2321 (2007), unanimously rejected this altered approach and specified the proper test. The *Fry* Court held that a federal habeas court "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht*, whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in *Chapman*." *Id.* at 2328 (citations omitted). Accordingly, we now ask whether the constitutional violation "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 623 (quoting *Kotteakos*, 328 U.S. at 776).

Applying *Brecht*'s more state-deferential harmless-error standard, and for the reasons identified by the district court, we cannot say that the prosecutor's improper remarks "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (quoting *Kotteakos*, 328 U.S. at 776).

We accordingly affirm.