**In re Windy WATKINS, Movant.**

**No. 15–5038.**

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2015.

**ON SUPPLEMENTAL BRIEF:** Erin P. Rust, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, Tennessee, for Movant.

Before: GUY, CLAY, and STRANCH, Circuit Judges.

## OPINION

CLAY, Circuit Judge.

Windy Watkins, a federal prisoner serving a sentence of 185–months' imprisonment for possession of a firearm by a convicted felon, moves this Court for authorization to file a second or successive habeas petition under 28 U.S.C. § 2255. In her supplemental brief, Watkins seeks to base her collateral attack on the Supreme Court's recent ruling in *Johnson v. United States*, — U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the imposition of an increased sentence under the Armed Career Criminal Act's ("ACCA") residual clause violates due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." [1] *Id.* at 2557. This Court may authorize the filing of a second or successive [2] § 2255 petition only if we determine that Watkins has made a prima facie showing that *Johnson* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see also In re Liddell*, 722 F.3d 737, 738 (6th Cir.2013) (per curiam). For the following reasons, we find that Watkins has made such a showing and **GRANT** her authorization to file a second or successive § 2255 petition.

### I.

In 2005, Watkins pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under ACCA, any person who violates § 922(g)(1) and has three qualifying convictions is subject to a 15–year mandatory minimum sentence. *See* 18 U.S.C. § 924(e). Because Watkins had three prior convictions—for arson, felony escape, and voluntary manslaughter—the district court imposed a sentence of 185 months, which was at the lower end of the guidelines range, based on Watkins' status as an armed career criminal. On direct appeal, this Court affirmed the district court's judgment, and the Supreme Court denied Watkins' petition for a writ of certiorari. *Watkins v. United States*, 549 U.S. 1259, 127 S.Ct. 1389, 167 L.Ed.2d 172 (2007).

### II.

In 2011, Watkins filed a motion to vacate, set aside, or correct her sentence

---

**1.** Before the Supreme Court's ruling in *Johnson*, Watkins argued that one of her prior convictions—for felony escape under Tennessee law—did not constitute a "violent felony" under ACCA's residual clause in light of the Supreme Court's holding in *Descamps v. United States*, — U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and this Court's holding in *United States v. Covington*, 738 F.3d 759 (6th Cir.2014). Watkins also noted that a ruling in *Johnson* "could further undermine the validity of [her] sentence." After *Johnson* was decided, Watkins filed a motion to stay the issuance of an order in this case and requested leave to file a supplemental brief regarding *Johnson's* impact on her claims. We granted the motion, and both Watkins and the government filed supplemental briefs.

**2.** In light of Watkins' previous § 2255 petition, discussed below, and her extensive argumentation in support of granting her motion for authorization pursuant to § 2255(h)(2), we construe the instant motion as a motion for authorization to file a "second" or "successive" habeas petition.

pursuant to 28 U.S.C. § 2255 on the grounds that her arson conviction did not qualify as a "violent felony" under ACCA. The district court denied the motion as untimely under § 2255's one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

In 2014, Watkins filed the instant motion before the district court, arguing that in light of *Descamps,* her felony escape conviction did not qualify as a predicate offense under ACCA. Noting that Watkins had previously filed an untimely § 2255 petition, the district court transferred the motion to this Court, pursuant to 28 U.S.C. § 1631, for consideration as to whether authorization of a second or successive § 2255 petition was warranted. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3) (requiring that applicants seeking to file a second or successive § 2255 petition first obtain authorization from the appropriate court of appeals). Watkins' motion was docketed in this Court on January 16, 2015. After the parties filed their respective briefs, the Supreme Court issued its decision in *Johnson.*

■ As the *Johnson* Court explained, under ACCA, a defendant who "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' " is subject to a "prison term [of] a minimum of 15 years and a maximum of life." 135 S.Ct. at 2555 (citations omitted). ACCA defines the term "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another;[3] or

(ii) is burglary, arson, or extortion, involves use of explosives,[4] or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as [ACCA's] residual clause." *Johnson,* 135 S.Ct. at 2556. Relevant to this case, the *Johnson* Court concluded, after several years of attempting to clarify the scope of the residual clause, that the terms of the residual clause were so vague that they "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." *Id.* at 2557; *see also id.* at 2560 ("Nine years' experience trying to derive meaning from the residual clause convinces us that we have embarked upon a failed enterprise."). Thus, in light of the widespread "confusion and uncertainty" generated by the vagueness of the provision's terms, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2562–63.

After *Johnson* was decided, Watkins filed a motion requesting a stay and seeking leave to file a supplemental brief addressing *Johnson's* impact on her claim that her felony escape conviction no longer qualifies as a predicate offense under ACCA. We granted the motion. In its supplemental brief, the government asserts that under *Johnson*—which overruled previous Supreme Court decisions and held that ACCA's residual clause is void for vagueness—Watkins has made a prima facie showing that she meets each of

---

**3.** We have referred to this sub-section of the statute as the use of physical force clause. *United States v. Mitchell,* 743 F.3d 1054, 1058 (6th Cir.2014).

**4.** This is commonly known as the enumerated offenses clause. *United States v. Taylor,* 800 F.3d 701, 719 (6th Cir.2015).

§ 2255(h)(2)'s gatekeeping requirements.[5] On this basis, the government asserts that Watkins' motion for authorization to file a second or successive § 2255 petition should be granted.[6]

## III.

A court of appeals may authorize a second or successive § 2255 petition where the applicant makes a prima facie showing that her proposed claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see also Liddell*, 722 F.3d at 738. A prima facie showing, in this context, simply requires that the applicant make a showing of possible merit sufficient to "warrant a fuller exploration by the district court." *In re Lott*, 366 F.3d 431, 432–33 (6th Cir.2004) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir.1997)); *see also In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (collecting cases).

Several of our sister circuits addressing the issue of whether *Johnson* may be used as a basis to authorize a second or successive § 2255 petition have concluded that *Johnson* announced a new rule of constitutional law. *See, e.g., In re Williams*, 806 F.3d 322, 324 & n. 6 (5th Cir.2015) ("Williams's first hurdle, one he easily clears, is whether *Johnson* established a new rule of constitutional law.") ("Four of our sister circuits have recently addressed *Johnson's* retroactivity, and all agreed that it is a new rule of constitutional law."); *In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir.2015) ("We first address whether *Johnson* announced a new rule of constitutional law, and we conclude that it did."); *Price v. United States*, 795 F.3d 731, 732–33 (7th Cir.2015) (holding that the applicant "easily me[t]" § 2255(h)(2)'s gatekeeping requirements because "*Johnson* announces a new rule" and "the new rule that it announces is one of constitutional law"). For the following reasons, we agree.

" '[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.' " *Chaidez v. United States*, —— U.S. ——, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013) (emphasis in original) (quoting *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). Accordingly, "[t]he explicit overruling of an earlier holding no doubt creates a new rule[.]" *Saffle v. Parks*, 494

---

5. This Court has held that the "thirty-day clock" to grant or deny authorization to file a second or successive § 2255 petition under 28 U.S.C. § 2244(b)(3)(D) "will start running when the matter is submitted to the motions panel." *In re Sims*, 111 F.3d 45, 48 n. 1 (6th Cir.1997). However, we have also concluded that § 2244's 30–day " 'provision is hortatory or advisory rather than mandatory[,]' " *In re McDonald*, 514 F.3d 539, 542 n. 2 (6th Cir. 2008) (quoting *In re Siggers*, 132 F.3d 333, 336 (6th Cir.1997)), and that "it will not always be possible to rule [on a motion] within thirty days." *Siggers*, 132 F.3d at 336. Due to the nature of Watkins' claims, the timing of her motion requesting a stay (which was filed fewer than 30 days after this case was assigned to a motions panel), and the complex issues raised in the parties' supplemental briefs, this motion warranted more than 30 days' consideration.

6. As noted by the government, a person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) normally faces a maximum sentence of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2). Because Watkins has apparently already served more than ten years in prison, and her "[*Johnson*-based] claim appears to have merit," the government has urged this Court to "expeditiously authorize [Watkins] to file her successive § 2255 petition" in order to permit merits review by the district court. *Gov't Suppl. Br.* at 9.

U.S. 484, 488, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). The rule announced by *Johnson* is new because, in reaching its holding that ACCA's residual clause is void for vagueness, the Supreme Court explicitly overruled its earlier rulings to the contrary. *Johnson*, 135 S.Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* [*v. United States*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007)] and *Sykes* [*v. United States*, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011)] are overruled."). In the same vein, the *Johnson* rule was "previously unavailable" to Watkins, *see Price*, 795 F.3d at 733, because, until June 2015, the *Johnson* rule was proscribed, rather than dictated, by existing Supreme Court precedent. *See James*, 550 U.S. at 210 n. 6, 127 S.Ct. 1586 ("While ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by [the dissent's] suggestion ... that the residual provision is unconstitutionally vague."); *Sykes*, 131 S.Ct. at 2277, 2284 (affirming the court of appeals' judgment that felony vehicle flight constituted a violent felony under ACCA's residual clause over the dissent's argument that the Court "should admit that ACCA's residual provision is a drafting failure and declare it void for vagueness"). Finally, *Johnson* based its holding on the Fifth Amendment's guarantee that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." *Johnson*, 135 S.Ct. at 2556 (alterations in original). Thus, *Johnson's* rule is constitutional because it is derived from the Fifth Amendment's prohibition against the enforcement of any criminal law that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary en-forcement." *Id.* (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). For these reasons, we conclude that *Johnson* announced a new rule of constitutional law that was previously unavailable to Watkins.

Despite the apparent consensus that *Johnson* announced a new rule of constitutional law, the circuits have split regarding a separate gatekeeping requirement under § 2255(h)(2): retroactivity on collateral review. *Compare Williams*, 806 F.3d at 325–26 (concluding that *Johnson* does not apply retroactively because it does not announce a *substantive* rule of constitutional law); *In re Rivero*, 797 F.3d 986, 989 (11th Cir.2015) (holding that *Johnson does* announce a substantive rule of constitutional law, but "[n]o combination of holdings of the Supreme Court 'necessarily dictate' that *Johnson* should be applied retroactively on collateral review"); *Gieswein*, 802 F.3d at 1147 (declining to "engage in the difficult legal analysis that can be required to determine questions of retroactivity in the first instance" and determining that no Supreme Court holding requires, "by strict logical necessity," that *Johnson* apply retroactively), *with Woods v. United States*, 805 F.3d 1152, 1153–54 (8th Cir.2015) (per curiam) (noting the circuit split and holding, based on the government's concession that *Johnson* applies retroactively, that the petitioner made a prima facie showing that his motion satisfied § 2255(h)(2)); *Pakala v. United States*, 804 F.3d 139, 139–40 (1st Cir.2015) (per curiam) (holding that the petitioner made the prima facie showing required under § 2255(h)(2) based on the government's "conce[ssion] that *Johnson* announced a new rule of constitutional law that was previously unavailable ... [and] made retroactive by the Supreme Court") (footnote omitted); *Price*, 795 F.3d at 734 (holding that because *Johnson's* rule "prohibit[s] 'a certain category of pun-

ishment for a class of defendants because of their status' ... [t]here is no escaping the logical conclusion that the [Supreme] Court itself has made *Johnson* categorically' retroactive to cases on collateral review"). Because § 2255(h)(2) dictates that a court may only authorize a second or successive § 2255 petition where the new rule of constitutional law has been "made retroactive to cases on collateral review by the Supreme Court," we must next address the issue of retroactivity.

■ The Supreme Court has held that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (emphasis in original). By contrast, new *procedural* rules "generally do not apply retroactively" unless they fall within the "small set of watershed rules ... implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Saffle*, 494 U.S. at 495, 110 S.Ct. 1257) (internal quotation marks omitted). This substantive versus procedural dichotomy was most famously articulated in Justice O'Connor's plurality opinion in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In *Teague*, the Court noted that due to the disruptive nature of habeas proceedings, which "provid[e] an avenue for upsetting judgments that have become otherwise final[,]" new constitutional rules "generally should not be applied retroactively to cases on collateral review." 489 U.S. at 305–06, 109 S.Ct. 1060 (citation and quotation marks omitted). Thus, despite the "broad scope of constitutional issues cognizable on habeas," the Supreme Court recognizes only two narrow exceptions to its "general [principle] of nonretroactivity for cases on collateral review." *Id.* at 306–07, 109 S.Ct. 1060. The first exception is for substantive rules which "place[ ] 'certain kinds of primary, private individual conduct beyond

the power of the criminal law-making authority to proscribe[,]' " *id.* at 307, 109 S.Ct. 1060 (quoting *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)), or "prohibit[ ] a certain category of punishment for a class of defendants because of their status or offense." *Beard v. Banks*, 542 U.S. 406, 416–17 & n. 7, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)). The second exception is for "watershed" rules of criminal procedure that are "implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 307, 311, 109 S.Ct. 1060 (citations omitted); *see also Beard*, 542 U.S. at 417, 124 S.Ct. 2504.

■ In her concurrence in *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), Justice O'Connor explained that even where the Supreme Court does not expressly hold that a new rule applies retroactively, the Court "may 'ma[k]e' a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule." *Id.* at 668, 121 S.Ct. 2478 (alteration in original). For this to occur, "the holdings must *dictate* [,]" *i.e.*, "permit no other conclusion than that the rule is retroactive." *Id.* at 669, 121 S.Ct. 2478 (emphasis in original). In the context of substantive rules that "place[ ] 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe[,]' " "it is relatively easy to demonstrate the required logical relationship[.]" *Id.* (citation omitted). Thus, "[w]hen the Court holds as a new rule in a subsequent case that a particular species of primary, private individual conduct is beyond the power of the criminal lawmaking authority to proscribe, it necessarily follows that this

Court has 'made' that new rule retroactive to cases on collateral review." *Id.*[7]

■ In determining whether a rule applies retroactively, "[t]he *Teague* inquiry is conducted in three steps." *O'Dell v. Netherland,* 521 U.S. 151, 156, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). The first two steps require the reviewing court to determine the date on which the petitioner's conviction became final and whether the constitutional rule at issue is new. *Id.* In the instant case, Watkins' conviction became final when the Supreme Court denied her petition for a writ of certiorari in 2007. *See Beard,* 542 U.S. at 411, 124 S.Ct. 2504 (noting that a conviction becomes final when a timely-filed petition for a writ of certiorari has been denied). Further, as explained above, the constitutional rule announced in *Johnson* is new in that it was not dictated by earlier Supreme Court precedent and instead overruled contrary holdings. Thus, we must turn our attention to *Teague's* third and final inquiry: whether *Johnson's* rule falls within one of the narrow exceptions to the principle of non-retroactivity because it is (1) a watershed rule of criminal procedure or (2) a substantive rule that "forbid[s] punishment of certain primary conduct" or "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *Beard,* 542 U.S.

at 416–17 & n. 7 (citations and internal quotation marks omitted); *see also O'Dell,* 521 U.S. at 156–57, 117 S.Ct. 1969. Both the government and Watkins contend that *Johnson* announced a substantive rule that the Supreme Court has made retroactive on collateral review because *Johnson's* holding prohibits a certain category of punishment for a class of defendants based on their status: increased sentences for those defendants "whose predicate offenses only qualify as such under the residual clause." *Gov't Suppl. Br.* at 8; *see also Def. Suppl. Br.* at 9–10. Like the Seventh Circuit, we agree with this conclusion.

*Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S.Ct. at 2563. Thus, although an increased sentence can still be imposed under ACCA's use of physical force clause or enumerated offenses clause, *id.,* a defendant cannot be subjected to ACCA's 15–year mandatory minimum if his or her predicate offenses would only qualify as such under the voided residual clause. *See id.* at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process.").

---

7. Although both *Teague* and *Tyler* discussed retroactivity principles in the context of the state-prisoner corollary of § 2255(h)(2), the appellate courts have consistently applied these holdings to federal habeas cases involving constitutional rules for which the Supreme Court did not expressly rule on the issue of retroactivity. *See, e.g., In re Mazzio,* 756 F.3d 487, 489–91 (6th Cir.2014) (holding that the procedural rule announced in *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), did not apply retroactively); *Bryant v. Warden, FCC Coleman–Medium,* 738 F.3d 1253, 1277–78 (11th Cir. 2013) (holding that the substantive rule announced in *Begay v. United States,* 553 U.S.

137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), applied retroactively); *Jones v. United States,* 689 F.3d 621, 624–25 (6th Cir.2012) (same); *United States v. Mathur,* 685 F.3d 396, 397–402 (4th Cir.2012) (rejecting the petitioner's argument that the Supreme Court's holding in *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), applied retroactively); *In re Sparks,* 657 F.3d 258, 260–62 (5th Cir.2011) (per curiam) (holding that the substantive rule announced in *Graham v. Florida,* 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), applied retroactively); *see also Price,* 795 F.3d at 734 (collecting cases).

Because *Johnson* prohibits the imposition of an increased sentence on those defendants whose *status* as armed career criminals is dependent on offenses that fall within the residual clause, we agree with the Seventh Circuit that "[t]here is no escaping the logical conclusion that the [Supreme] Court itself has made *Johnson* categorically retroactive to cases on collateral review." *Price*, 795 F.3d at 734.

We also reject the assertions advanced by our sister circuits that have sought to avoid this conclusion. The Eleventh Circuit, in accordance with the Seventh Circuit (and now this Circuit), held that *Johnson* announced a substantive rule of constitutional law. *Rivero*, 797 F.3d at 989. However, it eluded the conclusion that the Supreme Court has made *Johnson* categorically retroactive by maintaining that *Johnson's* substantive rule "neither prohibits Congress from punishing a criminal who has a prior conviction for attempted burglary nor prohibits Congress from increasing that criminal's sentence because of his prior conviction." *Id.* at 990. Taking this rationale a step further, the Fifth Circuit held that *Johnson* does not announce a substantive rule at all because "[a]fter *Johnson*, defendants ... may ... face a fifteen year sentence," "Congress is not 'deprived' of th[e] power" to impose a longer sentence based on predicate offenses of its choosing, and "Congress *could* impose the exact punishment [imposed] in *Johnson* if Congress did so with specific, not vague, language." *Williams*, 806 F.3d at 325–26 (emphasis in original); *see also Rivero*, 797 F.3d at 991

(stating that "Congress *could* impose the punishment in *Johnson* if Congress did so with specific, not vague, language") (emphasis in original). These contentions miss the point. Indeed, Congress could have elected to draft ACCA's increased sentencing provision to apply to any defendant with three or more felonies of any type. *See James*, 550 U.S. at 230, 127 S.Ct. 1586 (Scalia, J., dissenting) ("If Congress wanted ... [to] subject[ ] *all* repeat offenders to a 15–year mandatory minimum prison term[,] it could very easily have crafted a statute which said that. ACCA, with its tedious definition of 'violent felony,' was obviously not meant to have such an effect.") And, hypothetically, Congress could amend ACCA to encompass each of Watkins' predicate offenses (and unlawful possession of a short-barreled shotgun[8] and attempted burglary[9] and robbery[10]), with specific enough language to pass constitutional muster, within the next week. However, Congress' ability to amend ACCA in a manner that would constitutionally impose the category of punishment Watkins seeks to challenge is irrelevant to the retroactivity analysis, and neither the Fifth Circuit nor the Eleventh Circuit cites any authority for sidestepping the retroactive application of a substantive rule on the grounds that the law which the rule rejected could be amended at a later date.[11] Because *Johnson* announced a substantive rule that prohibits the imposition of ACCA's 15–year mandatory minimum sentencing provision on defendants whose status as armed career criminals depends on application of the unconstitutionally vague re-

---

8. *See Johnson*, 135 S.Ct. at 2556.

9. *See Rivero*, 797 F.3d at 988–89.

10. *See Williams*, 806 F.3d at 324.

11. As to these points specifically, we agree with the dissent in *Rivero*. *See* 797 F.3d at

999–1000 (Pryor, J., dissenting); *see also id.* at 1000 ("The majority neither cites any authority nor provides any logical explanation why a future Congress's hypothetical actions could affect retroactivity today. That's because there is none.").

sidual clause, we conclude that the Supreme Court has made *Johnson's* rule categorically retroactive to cases on collateral review.

### CONCLUSION

For the reasons stated in this opinion, we find that Watkins has made a prima facie showing that her claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Accordingly, we hereby **GRANT** her motion for authorization to file a second or successive § 2255 petition.