**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0005n.06

**No. 15-5824**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED** <br> Jan 07, 2016 <br> DEBORAH S. HUNT, Clerk |

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: LARRY BOYETT, JR., | ) | |
| | ) | |
| *Movant*. | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**Before:   CLAY and ROGERS, Circuit Judges; and THAPAR, District Judge.**[*]

PER CURIAM.   Last year, the Supreme Court held that the Due Process Clause forbids a court from using use the Armed Career Criminal Act's residual clause to increase a defendant's sentence. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Last month, this Circuit held that *Johnson* announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *In re Watkins*, No. 15-5038, 2015 WL 9241176, at \*1 (6th Cir. Dec. 17, 2015) (quoting 28 U.S.C. § 2255(h)(2)). Larry Boyett, a federal inmate who was sentenced under the Act, now wishes to file a second or successive habeas petition in light of *Johnson*.

---

[*]Hon. Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Before filing a second or successive petition under § 2255, a petitioner must first obtain certification from a panel of "the appropriate court of appeals," which in this case is the Sixth Circuit. *See* 28 U.S.C. § 2255(h). We may certify a second or successive petition if it has identified, among other things, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable [to the petitioner]." *Id.* § 2255(h)(2).

Here, Boyett and the government both agree that *Johnson* announced such a rule. And this Court's decision in *Watkins*—a published decision—makes clear that *Johnson* did precisely that. *See Watkins*, 2015 WL 9241176 at \*7. Thus, we hereby **GRANT** Boyett's motion and authorize the district court to consider a second or successive habeas petition.