Anthony LaJuan FLEMING,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Case No. 16-cv-10085, Case
No. 08-cr-20275

United States District Court,
E.D. Michigan, Southern Division.

Signed June 28, 2016.

Joan Morgan, Federal Defender Office, Flint, MI, for Petitioner.

OPINION AND ORDER GRANTING PETITIONER'S MOTION TO VACATE SENTENCE [36]

HON. GERSHWIN A. DRAIN, United States District Court Judge

## I. INTRODUCTION

On June 9, 2008, Anthony Fleming ("Fleming" or "Petitioner") was indicted on two counts of distributing cocaine base, 21 U.S.C. § 841. Dkt. No. 3. The Court appointed counsel for Fleming on June 10, 2008. Dkt. No. 11. On August 15, 2008, Fleming entered a guilty plea as to Count Two, which charged him with distribution of 50 of more grams of cocaine base. Dkt.

No. 19. Fleming is presently serving a sentence of 290 months as a result of the guilty plea.

Presently before the Court is Petitioner's Motion to Vacate Sentence [36]. For the reasons that follow, the Court **GRANTS** Petitioner's motion.

## II. FACTUAL BACKGROUND

On October 11, 2007, Fleming sold 22.3 grams of cocaine base to a controlled source. Dkt. No. 19. Later that month, on October 19, 2007, a Michigan State Police Confidential Informant contacted Fleming and arranged the controlled purchase of a quantity of cocaine base, commonly known as "crack" cocaine. *Id.* Later that day, the confidential source, while under surveillance, met with Fleming at the City Center Plaza in Flint, Michigan, and purchased 103 grams of cocaine base directly from Fleming. *Id.*

Fleming was indicted on two counts of distributing cocaine base in June 2008. Dkt. No. 3. On August 15, 2008, Fleming pleaded guilty to Count Two—distribution of 50 or more grams of cocaine base—and the Government agreed to dismiss Count One. Dkt. No. 19. Fleming's counsel objected to whether Fleming's prior conviction for fleeing constituted a crime of violence under the guidelines. *See* Dkt. No. 25, p. 6, 14 (Pg. ID No. 65, 73). ("Your Honor, the offense itself for lack of a better phrase is one set of guidelines. The Career Enhancements take it to an entirely different realm and we made our positions clear on that."). Fleming was sentenced to 290 months imprisonment on December 5, 2008. Dkt. No. 20, p. 2 (Pg. ID No. 50).

On January 6, 2009, Fleming filed a Notice of Appeal to the Sixth Circuit regarding his Judgement and Sentence. Dkt. No. 21. The Sixth Circuit dismissed the appeal, noting that Fleming waived his appeal because his sentence was within the

agreed sentencing range after knowingly and voluntarily entering a guilty plea. Dkt. No. 29.

In December 2012, Fleming filed a Motion for Retroactive Application of Sentencing Guidelines to his crack cocaine offense. Dkt. No. 30, 31. The Court ordered the appointment of a federal defender to determine his eligibility. Dkt. No. 32. The Federal Defender's Office determined that Fleming was not eligible for a sentence modification because the modification to the crack guideline "does not have the effect of lowering the [Fleming's] applicable guideline range." Dkt. No. 34. The Court then denied Fleming's Motion for Reconsideration because reductions were not permitted for defendants who were sentenced prior to the effective date of the Fair Sentencing Act. Dkt. No. 35.

The case is presently before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, arguing based on the recent holding in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) that the sentence imposed was an unconstitutional violation of due process. Dkt. No. 36.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to challenge the legality of his or her detention. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir.2012). A federal prisoner may do this by filing a motion with the imposing court, seeking to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion for constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005). The "substantial and injurious effect" standard is in essence an as-

sessment of the prejudicial impact of the constitutional violation. *See McCary v. Lewis*, 255 Fed.Appx. 78, 79 (6th Cir.2007) (citing *Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007)).

### IV. DISCUSSION

#### A. The Career Offender Guidelines

The United States Sentencing Guidelines allow a defendant to be adjudged a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4131.1(a). The Guidelines define a "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

Fleming received a career offender enhancement under United States Sentencing Guidelines § 4B1.1 for his previous conviction for fleeing and eluding in the third degree, which the Court determined was a "crime of violence" based on *United*

*States v. Martin*, 378 F.3d 578 (6th Cir. 2004). In *Martin*, the Sixth Circuit held that fleeing and eluding "otherwise involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a)(2), thus qualifying an offender for a sentence enhancement. *Id.* at 582.

### B. The *Johnson* Decision

The Supreme Court held in *Johnson v. United States* that the imposition of an increased sentence under the Armed Career Criminal Act's (ACCA) residual clause violates due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S.Ct. at 2557. The Supreme Court further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* In *Welch v. United States*, —— U.S. ——, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016), the Supreme Court clarified that *Johnson* constituted a new substantive rule, and thus had a retroactive effect in cases on collateral review. *See also In re Watkins*, 810 F.3d 375, 377 (6th Cir.2015) (determining that *Johnson* constituted "a new rule of constitutional law, made retroactive to cases on collateral review").

Fleming asks the Court to find that the residual clause of the Sentencing Guidelines to be unconstitutional, as it applies to his case, since the provision of the ACCA struck down in *Johnson* is identical to the residual clause under which Fleming's sentence was enhanced. *See United States v. Ozier*, 796 F.3d 597, 604 (6th Cir.2015) ("The residual clause in the Guidelines' 'crime of violence' definition at issue herein mirrors the ACCA's residual clause."); 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2).

Had the residual clause been struck down prior to Fleming's sentencing, Fleming would have lacked one of the requisite two prior felony convictions necessary to be deemed a career offender. Accordingly, his sentence would have had a total offense level of 27, instead of 34, and a criminal history category of V instead of VI. *See* Dkt. No. 19, p. 12 (Pg. ID No. 45). Based on the sentencing table, Fleming's Guidelines range would have ranged within 120 to 150 months, subject to any applicable mandatory minimum, instead of 262 to 327 months. *See id.* The district court imposed a sentence in the middle of the Guidelines range: 290 months. Dkt. No. 20, p. 2 (Pg. ID No. 50).

Although the Sixth Circuit recently found that the Sentencing Guidelines' residual clause is constitutionally vague based on *Johnson*, *United States v. Pawlak*, 822 F.3d 902 (6th Cir.2016), it has not spoken to whether *Johnson*'s retroactivity extends in the Sentencing Guidelines context.

### C. Collateral Review

■ In determining whether a new rule applies to cases on collateral review, the Court must apply the framework outlined by the plurality opinion in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Generally, under *Teague*, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. at 310, 109 S.Ct. 1060.

■ Two categories of decisions fall outside of the bar on retroactivity for procedural rules. *Welch*, 136 S.Ct. at 1264. The first category is composed of substantive rules, which generally apply retroactively. *Id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)). The second category includes

new "watershed rules of criminal procedure," a limited category of procedural rules that "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)). *See also O'Dell v. Netherland*, 521 U.S. 151, 167, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) as an example of a "watershed rule," which was so essential to the fairness of a proceeding that it altered the understanding of bedrock procedural elements).

■ In contrast, new procedural rules—other than watershed procedural rules—do not apply retroactively on collateral review. These procedural rules include those that allocate decision-making authority, such as a rule that requires a jury, rather than a judge, find the essential facts to determine if a defendant's conduct is punishable by death. *Schriro*, 542 U.S. at 353, 124 S.Ct. 2519 (citing *Ring v. Arizona*, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)). Procedural rules may also regulate the evidence that a court can consider in making its decision, such as a rule that moderates the admissibility of hearsay statements in a criminal trial. *Whorton v. Bockting*, 549 U.S. 406, 417, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (clarifying that a new procedural rule was announced in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).

In *Welch*, the Supreme Court clarified that *Johnson* fell within the category of new substantive rules. *Id.* at 1265. The Court's decision differentiated between substantive rules, which "alter[ ] the range of conduct or class of persons that the law punishes," and procedural rules, which "regulate only the manner of determining the defendant's culpability." *Id.* at 1264–65 (quoting *Schriro*, 542 U.S. at 353, 124 S.Ct. 2519). *Johnson* functioned as a substantive

rule because it "changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [ACCA] punishes.'" *Id.* at 1265 (quoting *Schriro*, 542 U.S. at 353, 124 S.Ct. 2519). The Court noted that *Johnson* was not procedural, because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]." *Id.*

Recently, in *Pawlak*, 822 F.3d 902, the Sixth Circuit held that the rationale of *Johnson* applies equally to the residual clause of the Sentencing Guidelines. *Id.* at 910–11, at *8 ("After *Johnson*, no one disputes that the identical language of the Guidelines' residual clause implicates the same constitutional concerns as the ACCA's residual clause."). Although *Pawlak* did not address *Johnson*'s retroactivity in the Sentencing Guidelines context, the decision provides guidance in distinguishing whether *Johnson*'s application to the Guidelines' residual clause is substantive or procedural.

In *Pawlak*, the Sixth Circuit noted that the Guidelines exert "considerable influence on sentencing determinations," as "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." at 905, at *3. "Even if the sentencing judge sees a reason to vary from the Guidelines, 'if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence.*'" *Id.* (quoting *Peugh v. United States*, — U.S. —, 133 S.Ct. 2072, 2083, 186 L.Ed.2d 84 (2013); *Freeman v. United States*, 564 U.S. 522, 131 S.Ct. 2685, 2692, 180 L.Ed.2d 519 (2011) (plurality opinion)).

■ Thus, although a district court may depart from the Guidelines' recommended

range, the Guidelines are a mandatory starting point and failing to apply them correctly can result in reversal. *Id.* at 906–07, at *4. *See also Gall v. United States,* 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). "In effect, the Sentencing Guidelines do not just *guide* or *assist* judges on how to sentence as much as they *direct* judges to sentences deemed appropriate by policy-makers in certain types of cases." *Id.* at 906, at *3. (quoting *United States v. Litzy,* 137 F.Supp.3d 920 (S.D.W.Va.2015)). Given the substantial role that the Guidelines play in determining a sentence, "the fact that the Guidelines are not mandatory is a distinction without a difference." *Id.* at 907, at *4 (determining that the Guidelines are not immune from constitutional vagueness challenges).

■ In the present case, the Court's ability to vacate Fleming's sentence and resentence him hinges on whether the *Johnson* announced a new substantive constitutional rule that applied to the residual clause of the Sentencing Guidelines. The Government argues that applying *Johnson* to the career-offender Guidelines' residual clause would be a procedural rule, barred from retroactive application. *See* Dkt. No. 40, p. 11 (Pg. ID No. 156). Under this argument, invalidation of the Guidelines' residual clause only establishes that Fleming's Guidelines range was incorrectly calculated, rather than altering the permissible range of sentences as occurred in *Johnson* to the ACCA. *Id.*

This Court does not believe that *Johnson*'s application to the Guidelines' "regulate[s] *only* the manner of determining the defendant's culpability," as would a proce-

dural rule. *See Welch,* 136 S.Ct. at 1260 (quoting *Schriro,* 542 U.S. at 353, 124 S.Ct. 2519) (emphasis added). Fleming is no less or more culpable of his 2008 cocaine distribution offense because his prior conviction for fleeing and eluding no longer qualifies him as a career offender under the Guidelines' residual clause. Instead, it appears to the Court that *Johnson* served to "alters the range of conduct" for which Fleming was punished, by rendering invalid the residual clause's sentencing enhancement. *Schriro,* 542 U.S. at 353, 124 S.Ct. 2519. As the "Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar," *Molina–Martinez v. United States,* ––– U.S. ––––, 136 S.Ct. 1338, 1346, 194 L.Ed.2d 444 (2016),[1] this Court finds in the context of retroactivity that "the fact that the Guidelines are not mandatory is a distinction without a difference." *See Pawlak,* 822 F.3d at 907, 2016 WL 2802723, at *4.

This Court is not the first to find that *Johnson* constitutes a new substantive rule, allowing for retroactive application to individuals sentenced under the Guidelines' residual clause. *See United States v. Ramirez,* No. CR 10–10008–WGY, 189 F.Supp.3d 290, 304, 2016 WL 3014646, at *9 (D.Mass. May 24, 2016) ("Accordingly, the invalidation of the Guidelines' Residual Clause pursuant to *Johnson* constitutes a substantive rule that must apply retroactively."); *United States v. Dean,* No. 3:13–CR–00137–SI, 169 F.Supp.3d 1097, 1118–19, 2016 WL 1060229, at *16 (D.Or. Mar. 15, 2016) (granting a motion to vacate where a sentence was enhanced under the Guidelines' residual clause for fleeing law enforcement). *Cf. In re Robinson,* 822 F.3d 1196, 1201 n. 2, 2016 WL 1583616, at *5 n. 2 (11th Cir. Apr. 19, 2016) (Martin, J.,

---

1. "In less than 20% of cases since 2007 have district courts 'imposed above-or below-Guidelines sentences absent a Government motion.'" *Molina–Martinez,* 136 S.Ct. at 1346 (quoting *Peugh,* 133 S.Ct. at 2084).

concurring) (noting that "where district courts have been able to decide the issue, they have begun to hold that *Johnson* applies to advisory § 4B1.2 sentences in § 2255 cases.").

Nevertheless, other district courts in the Sixth Circuit, deciding after *Johnson* and before *Welch* and *Pawlak*, have found that *Johnson's* application to the Sentencing Guidelines' residual clause does not apply retroactively. *See Lynn v. United States*, No. 3:09–CR–77–TWP–CCS–1, 2016 WL 1258487, at *3 (E.D.Tenn. Mar. 30, 2016) (finding that *Johnson* was procedural with regard to the Guidelines' residual clause because "the Guidelines merely guide the execution of a court's discretion in selecting the appropriate sentence from within an otherwise stagnate range of lawful penalties"); *United States v. Willoughby*, 144 F.Supp.3d 935, 944 (N.D.Ohio 2015) (finding that the rule was not substantive because "a sentencing court always has the authority to vary up or down from the suggested sentence for career offenders").

Although the *Lynn* and *Willoughby* opinions raise valid points, they do not fully address the continuing power and influence of the Guidelines on the actual sentences courts impose. Both *Peugh* and *Molina–Martinez* acknowledged that a higher Guidelines range in the aggregate exerts tremendous influence on the sentence actually imposed. *See Peugh*, 133 S.Ct. at 2083; *Molina–Martinez*, 136 S.Ct. at 1346. As intended, the Guidelines function as a significant factor in directing how courts decide on a sentence within a statutory range that may span decades. As such, the average sentence for individuals sentenced pursuant to the now invalid Guidelines' residual clause was likely higher—by years, if not a decade—than it would have been with a lower advisory range. Thus, this Court does not find the argument that the Guidelines are merely

advisory as sufficient to classify the rule as procedural, instead of substantive.

## V. CONCLUSION

The Court finds that Fleming was sentenced using an unconstitutional enhancement and **GRANTS** Petitioner's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. Dkt. 36. The Court vacates and sets aside the Judgment. Dkt. 20. The Court will resentence Fleming, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

**IT IS SO ORDERED.**