NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 17-6390
File Name: 18a0067n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 08, 2018
DEBORAH S. HUNT, Clerk

)
)
In re: PERVIS T. PAYNE,     )
)     O R D E R
    Movant.     )
)
)

Before: ROGERS, SUTTON, and COOK, Circuit Judges.

Pervis Payne, a Tennessee prisoner sentenced to death, moves this court for leave to file a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. The warden has filed a response opposing his motion. Upon review, we deny Payne's motion.

In 1988, a Tennessee jury convicted Payne of two counts of first-degree murder and one count of assault with intent to commit murder, and the jury sentenced Payne to death. The trial court also sentenced Payne to thirty years of imprisonment for the assault with intent to murder conviction. The Tennessee Supreme Court affirmed Payne's convictions and sentences on direct appeal. *State v. Payne*, 791 S.W.2d 10, 21 (Tenn. 1990). The United States Supreme Court granted certiorari and concluded that the introduction of victim impact evidence during the sentencing phase did not violate Payne's constitutional rights. *Payne v. Tennessee*, 501 U.S. 808, 827 (1991).

In 1992, Payne filed a petition for post-conviction relief in state court and, later that same year, Payne also filed a petition for a writ of error coram nobis. The trial court denied Payne's post-conviction and coram nobis petitions in separate orders. The Tennessee Court of Criminal Appeals affirmed these decisions, *Payne v. State*, No. 02C01-9703-CR-00131, 1998 WL 12670 (Tenn. Ct. Crim. App. Jan. 15, 1998), and the Tennessee Supreme Court denied further review.

- 1 -

In November 1998, Payne filed a § 2254 petition in the district court, and the court dismissed his petition as meritless. *Payne v. Bell*, 194 F. Supp. 2d 739 (W.D. Tenn. 2002). On appeal, this court affirmed that decision. *Payne v. Bell*, 418 F.3d 644 (6th Cir. 2005).

In April 2007, Payne filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), alleging that the prosecution was improperly withholding exculpatory evidence from him. The district court concluded that Payne's allegations were not properly raised under Rule 60(b), and so denied his motion. On appeal, this court denied him a certificate of appealability and dismissed Payne's case. *Payne v. Bell*, No. 07-5991 (6th Cir. Aug. 5, 2008) (order).

Payne then returned to state court and filed a motion to compel testing of evidence. The post-conviction court denied his motion, the Tennessee Court of Criminal Appeals affirmed that decision, *Payne v. State*, No. W2007-01096-CCA-R3-PD, 2007 WL 4258178 (Tenn. Ct. Crim. App. Dec. 5, 2007), and the Tennessee Supreme Court denied further review. In 2012, Payne filed a motion to reopen his petition for post-conviction relief, arguing that new caselaw established that he was intellectually disabled and ineligible for the death penalty. Payne also filed a petition for a writ of error coram nobis, raising a similar argument. The trial court denied the motion and the petition, and the Tennessee Supreme Court affirmed that decision. *Payne v. State*, 493 S.W.3d 478, 480 (Tenn. 2016). In 2013, Payne filed a complaint seeking declaratory judgment, again alleging that he met the criteria for intellectual disability and, therefore, was ineligible to be sentenced to death. The trial court dismissed the complaint, the Tennessee Court of Appeals affirmed that decision, *Payne v. Carpenter*, No. M2014-00688-COA-R3-CV, 2016 WL 4142485 (Tenn. Ct. App. Aug. 2, 2016), and the Tennessee Supreme Court denied further review.

In November 2017, Payne filed his current motion with this court, seeking permission to file a successive § 2254 petition. In his motion, Payne argues that recent Supreme Court decisions in *Moore v. Texas*, 137 S. Ct. 1039 (2017), and *Hall v. Florida*, 134 S. Ct. 1986 (2014), should be applied retroactively to his case.

Before a habeas petitioner can file a "second or successive" § 2254 petition, he must receive authorization for the filing from the court of appeals. 28 U.S.C. § 2244(b)(3)(A); *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011). To obtain this authorization, the petitioner must make a prima facie showing either that: (1) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review; or (2) a newly discovered factual predicate exists which, if proven, sufficiently establishes that no reasonable factfinder would have found the petitioner guilty of the underlying offense but for constitutional error. 28 U.S.C. §§ 2244(b)(2), 2244(b)(3)(C); *Magwood v. Patterson*, 561 U.S. 320, 330 (2010).

Payne argues that he is intellectually disabled and, therefore, ineligible for the death penalty under the *Moore* and *Hall* decisions. In *Atkins v. Virginia*, 536 U.S. 304, 321 (2002), the Supreme Court held that the Eighth Amendment prohibits the execution of individuals who are intellectually disabled. The Court left to the States the task of developing appropriate methods for enforcing this prohibition. *Id.* at 317. Under Tennessee Code Annotated § 39-13-203(a), Tennessee has defined intellectual disability as follows: "(1) Significantly subaverage general intellectual functioning as evidenced by a functional intelligence quotient (I.Q.) of seventy (70) or below; (2) Deficits in adaptive behavior; and (3) The intellectual disability must have been manifested during the developmental period, or by eighteen (18) years of age." Tennessee's definition mirrors "the generally accepted, uncontroversial intellectual-disability diagnostic definition." *See Moore*, 137 S. Ct. at 1045; *Black v. Carpenter*, 866 F.3d 734, 737 (6th Cir. 2017).

This court has concluded that *Atkins* applies retroactively. *See Hill v. Anderson*, 300 F.3d 679, 681 (6th Cir. 2002). The Supreme Court issued *Atkins* after the district court dismissed Payne's first § 2254 petition and while his appeal from that decision was pending before this court. Nonetheless, Payne did not seek to have the case remanded to the district court in order to raise an *Atkins* claim, nor did he subsequently request permission to file a successive habeas petition based on *Atkins*. Payne's failure to pursue such a claim is perhaps unsurprising because his I.Q. scores over several decades did not appear to demonstrate that he met the first factor for

intellectual disability under Tennessee's statute. On a test taken in 1987, Payne scored an I.Q. of 78, he scored 78 again on a 1996 test, and the result of his 2010 test was 74.

In *Hall*, 134 S. Ct. at 2001, the Supreme Court revisited *Atkins* and concluded that a State, in that case Florida, could not impose a strict cutoff I.Q. score of 70 in determining whether the petitioner had significantly subaverage general intellectual functioning. Rather, consideration must be given to the standard error of measurement, which reflects the imprecise nature of the I.Q. test and the fact that an individual's I.Q. score may fluctuate for a variety of reasons. States must "understand that an IQ test score represents a range rather than a fixed number." *Id.* Therefore, "when a defendant's IQ test score falls within the test's acknowledged and inherent margin of error, the defendant must be able to present additional evidence of intellectual disability, including testimony regarding adaptive deficits." *Id.* In *Moore*, 137 S. Ct. at 1048-53, the Court again returned to *Atkins* and concluded that Texas had improperly relied on outdated medical guidelines to determine intellectual disability.

Based on the Court's holdings in *Hall* and *Moore*, Payne argues that he can demonstrate that he is intellectually disabled. However, in order to receive authorization to file a successive § 2254 petition, Payne must show that these cases are new rules of constitutional law which the Supreme Court has made retroactive to cases on collateral review. *See* § 2244(b)(2). While new constitutional rules of criminal procedure usually will not apply to cases which are final before the new rules are announced, *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion), new substantive constitutional rules generally do apply retroactively. *Id.* at 307, 311. Further, new "watershed rules of criminal procedure" (rules "implicating the fundamental fairness and accuracy of the criminal proceeding") will have retroactive effect. *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016); *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016); *Teague*, 489 U.S. at 311-13. A rule that alters the range of conduct or the class of persons punished is substantive rather than procedural. *Welch*, 136 S. Ct. at 1264-65. The category of substantive rules would include a constitutional determination placing particular conduct or persons covered by a statute beyond the State's power to punish. *Id.* at 1265.

Even if we assume, without deciding, that *Hall* and *Moore* announce new rules of constitutional law, Payne has not shown that these decisions apply retroactively. Federal courts have repeatedly concluded that *Hall* and *Moore* merely created new procedural requirements that do not amount to "watershed rules of criminal procedure." *See Williams v. Kelley*, 858 F.3d 464, 474 (8th Cir. 2017) (*Moore* not retroactive); *Goodwin v. Steele*, 814 F.3d 901, 904 (8th Cir. 2014) (*Hall* not retroactive); *Kilgore v. Sec'y, Fla. Dep't of Corr.*, 805 F.3d 1301, 1314 (11th Cir. 2015) (*Hall* not retroactive); *Lynch v. Hudson*, No. 2:07-CV-948, 2017 WL 3404773, at *2-3 (S.D. Ohio Aug. 9, 2017) (*Moore* and *Hall* do not apply retroactively); *Smith v. Dunn*, No. 2:13-CV-00557-RDP, 2017 WL 3116937, at *4-6 (N.D. Ala. July 21, 2017) (*Moore* and *Hall* do not apply retroactively); *Prieto v. Davis*, No. 3:13CV849-HEH, 2014 WL 3867554, at *41-42 (E.D. Va. Aug. 5, 2014) (*Hall* not retroactive).

More importantly, Payne fails to show that the Supreme Court has determined that *Moore* and *Hall* apply retroactively. Under § 2244(b)(2), a "new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). In addition to the Court expressly holding that a new rule is retroactive, the Court may make a new rule apply retroactively through multiple holdings logically dictating the retroactive nature of the new rule. *Id.* at 668 (O'Connor, J., concurring); *In re Watkins*, 810 F.3d 375, 381 (6th Cir. 2015). In order for this to occur, these holdings must permit no other conclusion than that the rule applies retroactively. *Tyler*, 533 U.S. at 669 (O'Connor, J., concurring); *Watkins*, 810 F.3d at 381.

While it is undisputed that the Supreme Court has not expressly made *Moore* and *Hall* retroactive, Payne argues that it has made these decisions retroactive through multiple holdings. In support of this argument, he first cites the *Hall* and *Moore* decisions themselves as examples of retroactive applications of these rules. However, both of those decisions merely analyzed the application of *Atkins* claims that were appropriately raised in state post-conviction proceedings. Payne next cites several cases that the Supreme Court remanded for additional consideration in light of *Moore*, but all of these were cases involving previously-raised *Atkins* claims. *See Long v. Davis*, 663 F. App'x 361 (5th Cir. 2016), *cert. granted, judgment vacated*, 138 S. Ct. 72

(2017); *Weathers v. Davis*, 659 F. App'x 778 (5th Cir. 2016), *cert. granted, judgment vacated*, 138 S. Ct. 315 (2017); *Martinez v. Davis*, 653 F. App'x 308 (5th Cir. 2016), *cert. granted, judgment vacated*, 137 S. Ct. 1432 (2017); *Henderson v. Stephens*, 791 F.3d 567 (5th Cir. 2015), *cert. granted, judgment vacated*, 137 S. Ct. 1450 (2017). Lastly, Payne cites another Supreme Court order that, in light of *Hall*, vacated and remanded a Florida Supreme Court decision denying an *Atkins* claim. *Haliburton v. State*, 123 So. 3d 1146 (Fla. 2013), *cert. granted, judgment vacated*, 135 S. Ct. 178 (2014). A Supreme Court order that grants certiorari, vacates the lower court's judgment, and remands for further proceedings (GVR order) is not considered a final determination on the merits. *Tyler*, 533 U.S. at 666 n.6. "[A] GVR order does not necessarily imply that the Supreme Court has in mind a different result in the case, nor does it suggest that [the] prior decision was erroneous." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 393 (6th Cir. 2017), *petition for cert. filed* (Oct. 31, 2017) (No. 17-637); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 845 (6th Cir. 2013). None of these United States Supreme Court orders, whether considered separately or jointly, dictate that the decisions in *Moore* and *Hall* are to be applied retroactively. The Supreme Court, for instance, could hold in a new case that *Hall* and *Moore* merely clarify *Atkins* rather than establish separate rules, or that *Hall* and *Moore* prescribe procedural rather than substantive requirements for the application of *Atkins*. In either case, such a holding would not overrule any part of *Hall* or *Moore* or any of the cited GVR's. It follows that the cases Payne cites do not "logically dictate" the retroactive nature of any new rule *Hall* or *Moore* may have established.[1]

Alternatively, Payne argues that, if § 2244(b) precludes consideration of his intellectual-disability claim, that statute is unconstitutional as applied to him. However, he cites no authority to support that proposition, and the Supreme Court and this court have concluded that § 2244(b)

---

[1] Moreover, a recent published Sixth Circuit decision strongly suggests that *Hall* and *Moore* do not even qualify as "new" rules. *See Hill v. Anderson*, Nos. 99-4317/14-3718, 2018 WL 671834 at *6 (6th Cir. Feb. 2, 2018) ("[T]he primary holdings in *Hall* and *Moore* were compelled by *Atkins*. Both are illustrations of what was previously established by *Atkins*."). Only new rules may form the basis for a successive habeas petition under § 2244(b)(2)(A).

is constitutional.  *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Alley v. Bell*, 392 F.3d 822, 833 (6th Cir. 2004).

Accordingly, we **DENY** Payne's motion for leave to file a successive § 2254 petition and **DISMISS** this case.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk